239 So.2d 900

**Ex parte William Courtland PICKETT.**

**6 Div. 200.**

Court of Criminal Appeals of Alabama.

Oct. 6, 1970.

R. A. Norred, Birmingham, for petitioner.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for respondent.

CATES, Judge.

Original petition for mandamus against Honorable Elias C. Watson, one of the judges of the Tenth Judicial Circuit, praying the issuance of the alternative writ in order to vacate an order made by Judge Watson in a hearing denying two pre-trial motions to suppress evidence because said evidence was allegedly obtained by reason of unlawful searches and seizures.

The Attorney General has moved to dismiss the petition assigning, among other

grounds, that there is adequate remedy by appeal, that no clear legal right has been shown and that the proceeding would be, in effect, to sanction review by piecemeal.

We consider that the Attorney General's motion to dismiss is well taken because the order is reviewable on final appeal if the defendant is convicted upon the evidence which was sought to be suppressed. See DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 and Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442.

In Brown v. State, 277 Ala. 108, 167 So.2d 291, the final paragraph of the opinion states:

"We do not hold that a pretrial motion to suppress is improper, but do hold that such motion is not necessary and that objection may be made for the first time when the illegally obtained evidence is offered at the trial. * * * "

We are not sure that the use of the expression "for the first time" means that the defendant is estopped by the pre-trial ruling on his motion to suppress from objecting the *second* time when the State proceeds to offer the evidence which the judge has ruled before trial is admissible. The eliciting of additional proof against the seizure as long as not repetitive would seem warranted under Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

Certainly the appellant can bring the transcript of the pre-trial hearing up as part of the record on appeal from a final conviction.

Motion granted; petition dismissed.