This case involves a petition for writ of mandamus filed in this Court.
In 1983, Elton Bell was convicted of capital murder and was sentenced to life imprisonment without parole. That conviction was reversed on appeal because a majority of the Alabama Court of Criminal Appeals found that "the verdict was so contrary to the great weight of the evidence that it [was] palpably wrong and unjust." Bell v. State, 461 So.2d 855, 867 (Ala.Cr.App. 1984). The Alabama Supreme Court quashed the Alabama Attorney General's petition for writ of certiorari.
In September of 1986, a Covington County circuit judge ordered Bell removed from the Taylor Hardin Secure Medical Facility in Tuscaloosa and returned to Covington County to stand trial. In response to Bell's "motion to produce additional evidence," the District Attorney of that county stated that "the State has no additional evidence to offer, other than the evidence presented on a trial of this case January 24, 1983, through January 26, 1983." Bell filed a "motion to dismiss indictment and to discharge defendant," alleging that a retrial would violate his constitutional right against double jeopardy. The trial judge denied the motion, relying on this Court's *Page 521 
statement in reversing Bell's conviction, "We are convinced that a jury issue as to defendant's guilt was presented and that the jury honestly, sincerely, and without prejudice, returned its verdict finding the defendant guilty of the capital crime charged." Bell, 461 So.2d at 864.
Bell then filed a motion to prohibit the state from seeking the death penalty on Bell's second trial on authority ofBullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852,68 L.Ed.2d 270 (1981). The trial judge denied that motion, finding that "Bullington v. Missouri would not be controlling because of differences in the Alabama sentencing procedure in a capital case and in the Missouri sentencing procedure."
In all these proceedings, Bell has been and is represented by the same two attorneys. Before the first trial in 1982 both attorneys filed a motion to withdraw. The reasons for those motions were stated in accompanying letters sent to the trial judge. Those reasons were that both attorneys personally knew the victim, both grew up in the church where she was very active, both attended high school where she taught, and both had family members who were closely acquainted with her. One of the attorneys attended the victim's funeral. In his letter to the trial judge, one attorney alleged that his representation of Bell under these circumstances "would appear to deprive [Bell] of his constitutional right to effective assistance of counsel," and that "the personal ties which existed between Mildred Hart and my immediate family and myself make it extremely difficult, if not impossible, for me to free myself from the vindictive feeling which prevails in my own household towards whoever may be responsible for Mildred Hart's death."
The other attorney, in his letter to the trial judge, stated, "I am afraid that the reasons I have stated would in most likelihood render my assistance ineffective."
The trial judge denied both motions, finding that the reasons given did not outweigh "the obligation implicit in the acceptance of their license as attorneys, the obligation imposed by Statute Title, 15-12-21; and particularly does not outweigh their statutory duty as attorneys as spelled out in Subsection 7 of Title 34-3-20."
In 1987, after the reversal of Bell's conviction and in anticipation of his second trial, both attorneys refiled their motions and letters. No new ground was stated in either motion. The trial judge denied these motions for the same reasons he denied them originally.
Having obtained no relief in the circuit court, counsel filed a petition for writ of mandamus in this Court. Bell seeks to compel the trial court to grant his motion to dismiss the indictment and discharge the defendant, grant his motion to prohibit the State from seeking to impose the death penalty on his retrial, and appoint new and different counsel to represent him.
 I
This Court ordered a response to the petition. Rule 21, A.R.A.P. In its answer, the Attorney General agrees that Bell's second request should be granted and the petition for writ of mandamus should issue in that matter. The Attorney General candidly and commendably recognizes that the doctrine ofBullington v. Missouri is applicable in Alabama. Ex parteGodbolt [Ms. 85-1287, May 15, 1987], (Ala. 1987). In this case, because Bell's first trial resulted in a sentence of life imprisonment without parole and because the retrial involves the same charge as the original trial, the State is precluded from seeking the death sentence on retrial. "[A] defendant sentenced to life imprisonment without parole by the trial court is protected against the later imposition of the death sentence in the event that he obtains a reversal of the conviction and is retried and reconvicted for the sameoffense." Godbolt, supra (emphasis in original).
 II
The Attorney General urges this Court to reconsider its decision in Bell, and hold that Bell's conviction was not contrary to the weight of the evidence. Bell was decided by three judges of this Court. I *Page 522 
dissented, being convinced of the sufficiency of the evidence to support the verdict of the jury. Judge Sam Taylor joined in that dissent. The Alabama Supreme Court refused review. The decision of Bell v. State, 461 So.2d 855 (Ala.Cr.App. 1984), must remain final.
However, when an appellate court reverses a conviction because it is "against the weight of the evidence" as opposed to the "insufficiency of the evidence" a claim of double jeopardy does not bar a retrial. Tibbs v. Florida, 457 U.S. 31,102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Therefore, Bell may be retried under the original indictment for capital murder even though he may not be sentenced to death if found guilty.
 III
We find no error in the trial judge's refusal to allow counsel to withdraw:
 "The trial judge did not abuse his discretion in refusing to appoint new counsel to represent the defendant because the defendant did not show any irreconcilable conflict.
 " 'Denial of a motion for substitution of counsel rests within the discretion of the trial judge. United States v. Davis, 604 F.2d 474 (7th Cir. 1979); United States v. Mills, 597 F.2d 693, 700 (9th Cir. 1979). In order to exercise its discretion properly the court must elicit from the defendant the reasons for his objection to counsel, United States v. Seale, 461 F.2d 345
(7th Cir. 1972), or, when counsel makes known a possible conflict of interests, "take adequate steps to ascertain whether the risk [is] too remote to warrant separate counsel." Holloway v. Arkansas, 435 U.S. 475, 484, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978). Unless there is a demonstrated conflict of interests or counsel and defendant are embroiled in an "irreconcilable conflict" that is "so great that it resulted in a total lack of communication preventing an adequate defense," there is no abuse of discretion in denying a motion for new counsel. United States v. Mills, 597 F.2d at 700; United States v. Calabro, 467 F.2d 973, 986 (2d Cir. 1972), cert. denied, 410 U.S. 926, 93 S.Ct. 1357, 35 L.Ed.2d 587 (1973).' United States v. Morris, 714 F.2d 669, 673 (7th Cir. 1983)." Cox v. State, 489 So.2d 612, 622 (Ala.Cr.App. 1985).
There are exceptions to the general rule. When counsel is burdened by an actual conflict of interest, the prejudicial denial of the effective assistance of counsel is presumed.Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708,64 L.Ed.2d 333 (1980). Thus, where appointed counsel has an actual conflict of interest, his withdrawal must be permitted and new counsel appointed. However, the type of ineffectiveness claim presented here does not warrant a presumption of prejudice.
In People v. Lewis, 88 Ill.2d 429, 58 Ill.Dec. 743,430 N.E.2d 994 (1981), cert. denied, 460 U.S. 1053, 103 S.Ct. 1501,75 L.Ed.2d 932 (1983), the Supreme Court of Illinois held that a personal relationship between defense counsel and the victim does not create a per se conflict of interest. "A defendant must demonstrate prejudice in order to obtain a new trial where the alleged conflict involves only his appointed attorney's personal workbased acquaintance with the victim, rather than some type of professional commitment or obligation toward that victim." Lewis, 88 Ill.2d at 441, 58 Ill.Dec. at 749, 430 N.E.2d at 1000. Although Lewis is distinguishable from the factual situation presented here, the general rule of that case has merit and, by analogy, is applicable here. Where the alleged conflict of interest is based on defense counsel's personal relationship with the victim of the crime with which the accused is charged, prejudice is not presumed. The accused has the burden of proof and must overcome the "presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington,466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In such a case, the quality and character of the relationship must be considered before there can be a finding of prejudice. *Page 523 
Although Bell's counsel have anticipated their own alleged ineffectiveness before each trial, they have cited no specific instance of actual ineffectiveness even though they have represented Bell at one trial and on the appeal of that trial. Even had such instances been cited, this Court is not bound by defense counsel's own determination that his representation was ineffective. (Alfonzo) Bell v. State, 489 So.2d 667
(Ala.Cr.App. 1986).
The benchmark for judging claims of ineffectiveness isStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). That standard requires that "[a] convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. That standard has not been satisfied in this case. Here, we have only unverified allegations of personal relationships. No one was in a better position to judge the merits of the motions to withdraw than the trial judge. Based on what has been presented to this Court, we find no abuse of his judicial discretion.
The petition for writ of mandamus is granted in part and denied in part. Bell may be retried for capital murder but, if he is found guilty, the death sentence may not be imposed. Defense counsel are not entitled to withdraw as a matter of right.
PETITION FOR WRIT OF MANDAMUS GRANTED IN PART AND DENIED IN PART.
All Judges concur. *Page 951