McMILLAN, Judge.
The appellant was indicted for possession of marijuana in the first degree, in violation of § 13A-12-213, Code of Alabama 1975; possession of controlled substances, specifically phentermine, diazepam, and cocaine, in violation of § 13A-12-212(a)(l), Code of Alabama 1975; and trafficking in cocaine, in violation of § 13A-12-231, Code of Alabama 1975. She was found guilty in a jury trial of all three charges. She was sentenced to 10 years’ imprisonment on the trafficking conviction, the sentence being split, with 3 years to be served and 5 years’ probation. Identical sentences were imposed on the other two convictions and were ordered to run concurrently with the trafficking sentence.
Evidence at trial tended to show that on three occasions over a period of several months an undercover Birmingham police officer had purchased marijuana from the appellant at a local residence. On each occasion, he observed the appellant sitting in the living room on a sofa near the front door, where she was able to observe who was outside before admitting anyone. The officer obtained and executed a search warrant for the residence, finding the appellant in her customary place on the sofa. The search produced 2 bags of cocaine (State’s Exhibit 1) and 15 bags of marijuana (State’s Exhibit 2) in or on the sofa; 6½ bags of marijuana (State’s Exhibit 3) in plain view near the door; and 2 prescription bottles of pills (State’s Exhibits 4 and 5) under the sofa. A forensic expert found that State’s Exhibit 1 contained a total of 29.33 grams of cocaine, Exhibits 2 and 3 contained a total of 26.483 grams of marijuana, and Exhibits 4 and 5 contained phen-termine and diazepam, respectively.
I.
The appellant contends that the trial court erred in admitting testimony concerning her prior sales of marijuana to the undercover officer. She argues that the prior sales are not relevant to the current charge of possession and do not fall within the identity or intent exceptions to the rule *1002 against the admissibility of prior illegal acts.
This argument is without merit. Evidence of lysergic acid diethylamide (LSD) tablets and cocaine powder found along with marijuana has been held relevant on the issue of whether the accused possessed the marijuana with an intent other than for his personal use only. Brantley v. State, 294 Ala. 344, 317 So.2d 345 (1975). In the present case, the other violations occurred prior to, rather than contemporaneously with, the charged offense. Therefore, they must be shown to be so connected by circumstances with the particular crime charged that they have some bearing on the issues at trial other than to show that defendant was predisposed to commit the offense. See Mason v. State, 259 Ala. 438, 66 So.2d 557 (1953). The undercover officer testified that on three occasions between February 22 and June 5, the date of the present offense, he had gone to the same residence and had observed the appellant in the same position in the living room. On each occasion, the most recent of which occurred on May 25, the appellant had admitted him to the house and had sold him marijuana. Because the prior illegal acts occurred so near the time of the present offense, in the same place, with the same parties, and under the same circumstances, they were relevant on the issue of whether the marijuana the appellant is charged with possessing was intended for her personal use only. The trial court’s admission of the testimony, therefore, was not error.
II.
The appellant also contends that the trial court erred in permitting convictions for both possession of marijuana and possession of controlled substances. She argues that because the substances she was accused of possessing were seized at the same time and place and because marijuana falls within the statutory definition of a “controlled substance” she can be found guilty only of the single wrongful act of possession of controlled substances.
This argument cannot be considered on appeal. A defense of double jeopardy should be raised by pretrial motion before or at arraignment. Rule 16.2(b) and (d), and Rule 16.3, A.R.Cr.P. The first evidence in the record concerning the issue of whether the appellant’s possession of marijuana and of other controlled substances constitute the same offense appears in a hearing on a motion to consolidate that did not take place until after the appellant had waived arraignment and had entered a not guilty plea. The appellant failed to timely raise the double jeopardy issue, thereby waiving appellate consideration of that issue. See Cox v. State, 462 So.2d 1047 (Ala.Cr.App.1985).
III.
The appellant contends that the three-year mandatory sentencing provision of § 13A-12-231, Code of Alabama 1975, cannot be constitutionally applied to her because she is a 70-year-old woman in ill health. She argues that the statute results in disparate treatment, in violation of the Fourteenth Amendment of the United States Constitution, because to sentence her to the mandatory three-year term, “may well be to sentence her to death.”
This argument is without merit. The purpose of the Fourteenth Amendment is to ensure that the same rule is applied to all persons in the same circumstances. Section 13A-12-231, Code of Alabama 1975, prescribes a mandatory minimum sentence, which applies equally to all persons who violate the statute, as is proper. Moreover, an argument that the result is cruel or unusual also must fail. This Court has determined that sentences of 25 years imposed upon a 64-year-old and 15 years imposed upon a deaf-mute are constitutionally permissible. See Fisher v. State, 480 So.2d 6 (Ala.Cr.App.1985), and Turner v. State, 429 So.2d 645 (Ala.Cr.App.1982). The three-year term of imprisonment imposed upon the appellant does not violate her constitutional rights.
*1003 IV.
According to the record, the trial court properly sentenced the appellant to a term of imprisonment but failed to impose a fine. Section 13A-12-231(2)(a), Code of Alabama 1975, mandates the imposition of a $50,000 fine. See Moynes v. State, 568 So.2d 392 (Ala.Cr.App.1990); Nobles v. State, 555 So.2d 308 (Ala.Cr.App.1989); and Sears v. State, 479 So.2d 1308 (Ala.Cr.App.1985).
Therefore, this cause is remanded for proper sentencing. The circuit court is directed to impose the mandatory $50,000 fine in addition to the term of imprisonment already imposed. Return should be filed with this Court within a period not to exceed 84 days.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.