BOWEN, Presiding Judge.
Max Landon Payne stands charged with a capital offense in Cullman County. His attorneys have filed a petition for writ of mandamus in this Court challenging the circuit court’s denial of their motion to suppress the appellant’s statement and the evidence seized during a warrantless search of the appellant’s automobile.[1]
The petition is due to be denied. *652 Ex parte Martin, 598 So.2d 1381, 1383 (Ala.1992). “We consider that the Attorney General’s motion to dismiss is well taken because the order is reviewable on final appeal if the defendant is convicted upon the evidence which was sought to be suppressed.” Ex parte Pickett, 46 Ala.App. 227, 228, 239 So.2d 900 (1970).
*651 “Mandamus will not issue when there is an adequate remedy by appeal, and a writ cannot be used as a substitute for appellate review.... Generally, the writ will not be granted if the matter complained of can be raised on appeal. ... The test to be applied in deciding whether the writ of mandamus should be granted is whether an appeal would provide an adequate remedy. ... Petitions for writ of mandamus cannot be substituted for appeals to review adverse legal rulings of lower courts.”
*652 While this Court does not address the merits of the issues raised in the petition, we caution that the principles of Minnick v. Mississippi 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990), and Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), must be strictly applied.
Petition denied.
All Judges concur.

. We note that in its order denying the motions to suppress, the trial court stated: “It would be pertinent and only fair if the attorneys for the Defendant have fifteen (15) days to file a petition for mandamus to test this Court's rulings in each of the matters in this case before the case comes on for trial....” R. 336.