Thomas Wayne Spears petitions for a writ of mandamus directing District Judge D.P. Scurlock III, sitting by designation as a circuit judge in the First Judicial Circuit, to grant Spears's motion for a new trial, under Rule 15.4, Ala.R.Crim.P., on his plea of double jeopardy. The writ is denied. *Page 1256 
Spears was indicted for murder. Shortly after his trial began, one of the prosecuting attorneys made a comment to a reporter, in violation of a "gag order" restricting public comment concerning the case. That order had been imposed on the attorneys by presiding Circuit Judge Hardie Kimbrough. The violation of this order prompted Judge Kimbrough to grant Spears's motion for a mistrial and to recuse himself from further proceedings connected with the case.[1] The case was subsequently assigned to Judge Scurlock. Spears thereafter moved to dismiss the indictment on the ground that a retrial would violate his constitutional right not to be placed in jeopardy twice for the same offense. Relying on Oregon v.Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), Spears alleged that the prosecutor had intended to provoke a mistrial when he violated Judge Kimbrough's "gag order," and he requested a jury trial on the question of the prosecutor's intent. The court empaneled a jury to consider that question, pursuant to Rule 15.4; however, Judge Scurlock directed a verdict for the state at the close of Spears's case, holding that there was insufficient evidence to submit the question of the prosecutor's intent to the jury.
The court denied Spears's motion for a new trial. Spears petitioned the Court of Criminal Appeals for a writ of mandamus directing Judge Scurlock to grant his motion; that court on October 16, 1992, denied the petition without opinion. 614 So.2d 1069. He then sought mandamus review in this Court. See Rule 21, A.R.App.P.
"Originally, the function of the writ [of mandamus] was to compel judicial action but not to correct errors or direct what particular judgment or decree should be rendered." Ex parteWeissinger, 247 Ala. 113, 118, 22 So.2d 510, 515 (1945). However, as Justice Simpson noted in Ex parte Weissinger:
 "[T]his court has permitted a liberal enlargement of the use of the writ so that, 'if an order, or judgment, or decree, is made or rendered, which is not the subject of revision by appeal, or other revisory remedy and yet is erroneous, working injury to the party complaining, and there be no other legal remedy, adequate to the correction of the error and the prevention of the injury, mandamus will be awarded.' Ex parte Woodruff, 123 Ala. 99, 100, 26 So. 509 [(1898)]; Ex parte Tower Mfg. Co., 103 Ala. 415, 418, 15 So. 836 [(1893)].
 "The test, as to whether mandamus will be issued, now seems to depend on whether the remedy by appeal is adequate to prevent undue injury rather than the availability merely of [a] remedy by appeal. Ex parte Watters, 180 Ala. 523, 61 So. 904 [(1913)]."
247 Ala. at 118-19; 22 So.2d at 515.
It is now a well-established general rule in this state that if the matters complained of can ultimately be presented by an appeal, a writ of mandamus will not be issued. Ex parte Fowler,574 So.2d 745 (Ala. 1990). However, this Court, exercising its discretion, has recognized certain exceptions to this general rule in specific cases where appeals are not considered to be adequate to prevent "undue injury." See, e.g., Ex parte NisseiSangyo America, Ltd., 577 So.2d 912 (Ala. 1991) (mandamus proper to review discovery rulings); Ex parte Insurance Co. ofNorth America, 523 So.2d 1064 (Ala. 1988) (mandamus proper to enforce a trial court's compliance with this Court's mandate);Ex parte Rush, 419 So.2d 1388 (Ala. 1982) (mandamus proper to enforce a statutory or constitutional right to a jury trial);Ex parte Weissinger, supra (mandamus proper to vacate certain interlocutory rulings in divorce cases); see, also, Ex parteBrooks, 264 Ala. 674, 89 So.2d 100 (1956); and Brittain v.Jenkins, 263 Ala. 683, 83 So.2d 432 (1955), and the cases cited therein. The rationale underlying the recognition of these exceptions has not always been crystal clear. For example, the remedy by appeal that will make mandamus review unavailable was described by this Court in one case as "one competent to afford relief *Page 1257 
on the very subject matter in question, and which is equally convenient, beneficial, and effectual." See East v. Todd,284 Ala. 495, 499, 226 So.2d 153, 156 (1969). Matters of expense and public interest have also been considered important factors in some cases. See, e.g., Ex parte Weissinger, supra. On the other hand, in Ex parte Moss, 278 Ala. 628, 179 So.2d 753
(1965); and Ex parte Brooks, supra, this Court stated that expense and inconvenience were not controlling in determining whether a party had an adequate remedy by appeal.
In this case we need not survey the law of mandamus so as to search out and reconcile inconsistencies that may exist. Suffice it to say that it was never generally contemplated that questions arising during the progress of a trial, ultimately reviewable on appeal, should be determined by an appellate court on petition for a writ of mandamus, in advance of a final judgment. Ex parte Taylor, 236 Ala. 219, 181 So. 760 (1938). InEx parte Nice, 407 So.2d 874 (Ala. 1981), this Court indicated that only the rarest of circumstances merits an intervention in a criminal case by mandamus. However, because this court has "permitted a liberal enlargement of the use of the writ" by recognizing, on occasion, certain exceptions to the general rule, we have examined the present case to see if it fits within any of those exceptions. We conclude that it does not.[2]
Spears is attempting by his petition to obtain appellate review of an interlocutory order rejecting his plea of double jeopardy. He is not seeking an order directing the trial judge to recognize a statutory or constitutional right to a trial by jury, so as to bring this case within the exception recognized in Ex parte Rush, supra. The record does not indicate that Spears is incarcerated; thus, he does not invoke the exception recognized in Smith v. State, 447 So.2d 1334 (Ala. 1984). InSmith, this Court held that the Court of Criminal Appeals had properly issued a writ of mandamus directing the trial judge to correct an erroneous sentence even though the defendant had appealed his case, where the defendant had been improperly sentenced to 45 years of imprisonment and, because of the length of his sentence, was not entitled to apply for bail pending his appeal. But see Ex parte Busby, 276 Ala. 680,166 So.2d 408 (1964), where the petitioner, an inmate, was denied mandamus review on the ground that he could have appealed the trial court's denial, without a hearing, of his petition for a writ of error coram nobis. Neither does this case involve a judicial usurpation of power or a gross disruption in the administration of criminal justice. See Ex parte Nice, supra. To the contrary, this case is materially indistinguishable fromEx parte Fowler, supra, in which the defendant in a criminal case sought a writ of mandamus directing the trial judge to grant her motion for a change of venue on the ground of prejudicial pretrial publicity, and Ex parte Pickett,46 Ala. App. 227, 239 So.2d 900 (1970), in which the defendant sought a writ of mandamus directing the trial judge to vacate his order denying two pretrial motions to suppress evidence. In each of those cases, the defendant claimed to have received *Page 1258 
an adverse pretrial ruling and, although an erroneous ruling by the trial judge would have resulted in an expensive and unnecessary trial, mandamus review was denied on the ground that the petitioner had an adequate remedy by appeal from a final judgment.
After carefully reviewing Spears's petition, his brief in support of the petition, and the state's brief in response, we conclude that Justice Mayfield's comments in Brittain v.Jenkins, supra, are equally appropriate in the present case:
 "In the instant case it does not appear that the matter complained of comes within any of the established exceptions to the previously stated general rule. It is, therefore, not necessary for our present consideration that we attempt to reconcile seeming inconsistencies arising out of prior exercise of this court's discretion or that we seek to arrive at a more definitive standard concerning the circumstances under which an exception may be made to the general rule. It is sufficient that we adhere to our prior ruling in the case of Jackson Lumber Co. v. W.T. Smith Lumber Co., 247 Ala. 661, 25 So.2d 853, 854 [(1946)]. There the plaintiff brought an action for conversion and in assumpsit against the defendant. Defendant filed pleas of set-off and to these plaintiff pleaded in abatement. From a judgment sustaining a demurrer to the plea in abatement plaintiff appealed and applied for an alternative writ of mandamus. As to the latter this court held:
 " 'There is also no authority to invoke this court's discretion to review the order by writ of mandamus.
 " 'Such a nonappealable interlocutory ruling is not reviewable by mandamus when the matter complained of can be adequately redressed by appeal after final judgment. The general rule is that this court will not grant the writ for the mere purpose of review. Ex parte Jackson, 212 Ala. 496, 103 So. 558 [(1925)]; Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512 [(1943)].
 " 'The principle was recently adhered to and reaffirmed in the last-cited case, where it was observed: "If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal." Koonce v. Arnold, supra, 244 Ala. at page 514, 14 So.2d at page 515.
 " 'The effort of appellant for the present review is plainly contrary to these well-considered authorities and it results that . . . the petition for alternative writ [is due to be] denied.' "
263 Ala. at 684-85, 83 So.2d at 433-34.
The tendency of this Court in the past has been to enlarge the scope of the extraordinary writ of mandamus by recognizing certain exceptions to the general rule that orders ultimately reviewable on appeal from a final judgment are not subject to mandamus review. However, we should not continue to decide cases in a piecemeal fashion. For this reason, mandamus review will generally be restricted in the future to those cases where one of the recognized exceptions applies, or to those extraordinary cases where the rights of the parties cannot be adequately protected by appellate review of a final judgment.
If Spears is retried and convicted for the offense stated in the indictment, he can appeal his conviction to the Court of Criminal Appeals and, if he is not satisfied with the judgment of that court, he can petition this Court for certiorari review pursuant to Rule 39, A.R.App.P. These remedies are adequate; therefore, a petition for a writ of mandamus is not an appropriate means of reviewing the trial judge's order in this case.
WRIT DENIED.
HORNSBY, C.J., and SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur. *Page 1259 
ALMON, J., concurs in the result.
MADDOX, J., dissents.
[1] Judge Kimbrough stated that he was uncomfortable proceeding with the trial because he anticipated participating in future disciplinary proceedings against the prosecuting attorney.
[2] In Ex parte Sharpe, 513 So.2d 609 (Ala. 1987), the petitioner moved to dismiss the indictments against him on the ground that they had been returned by a special, but unauthorized, grand jury. The trial court denied the motion. The Court of Criminal Appeals issued a writ of mandamus directing the trial court to grant the motion. The state sought certiorari review, and we reversed the judgment of the Court of Criminal Appeals on the ground that the petitioner had not complied with the requirements of Rule 21, Ala.R.App.P. In Ex parte Bell,511 So.2d 519 (Ala.Crim.App. 1987), the petitioner sought a writ of mandamus directing the trial court to dismiss the indictment against him on the ground that a retrial would constitute double jeopardy. He also sought to prohibit the state from seeking to impose the death penalty on his retrial, and to require the appointment of new counsel to represent him. The Court of Criminal Appeals, without discussing the requirements for issuing a writ of mandamus, rejected the petitioner's double jeopardy argument, as well as his request for the appointment of new counsel. The court did issue a writ preventing the state from seeking the imposition of the death sentence. We do not consider either of these cases, or any of the cases that our research has disclosed, to be direct or persuasive authority for the proposition that a ruling on a motion to dismiss an indictment on double jeopardy grounds should be reviewable on a petition for a writ of mandamus.