I joined Chief Justice Torbert's dissent in Ex parte Rudder,507 So.2d 411, 417-20 (Ala. 1987), because I felt that the psychiatrist-patient privilege as applied in Ex parte Rudder
conflicted with the defendants' First Amendment rights of freedom of speech and freedom of the press and that the defendants' constitutional rights outweighed the statutory privilege. No such constitutional issue is presented in the case at issue.
Mandamus is an extraordinary writ, to be issued only when the petitioner has a clear legal right to the order sought,Ex parte Day, 584 So.2d 493 (Ala. 1991), which has been previously recognized by this Court as appropriate for mandamus review; Ex parte Spears, 621 So.2d 1255 (Ala. 1993); or where the right of the parties cannot be adequately protected by appellate review of a final judgment. Ex parte Spears, supra. I find neither in this case. If Loan Nham continues to seek damages for mental pain and anguish and to insist on her psychotherapist-patient privilege of confidentiality (Ala. Code 1975, § 34-26-2), the trial court, in this civil case, should permit the defendant to argue to the jury the inconsistency in the plaintiff's claiming such damages while insisting on the privilege (Colquitt, Alabama Law of Evidence § 513, at 193 (1990)); and there is a presumption that the jury will do its job as finder of the facts.