BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief. The appellant, Charles E. Tidwell, challenges his 1992 guilty plea convictions for six charges of forgery in the second degree. He claims that he was sentenced six times for one act and that his right against double jeopardy was violated thereby.
After considering the response filed by the district attorney, the circuit court “verified that there was a separate indictment in each of the six separate cases and that each of such indictments concerned a separate and distinct check,” and denied the petition. R. 57.
By entering guilty pleas to six indictments that, on their faces, described the forgery of six separate checks, the appellant waived the jeopardy issue. See United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).
“Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes.”
United States v. Broce, 488 U.S. at 570, 109 S.Ct. at 763. Compare Salter v. State, 606 So.2d 209 (Ala.Cr.App.1992) (wherein the court distinguished Broce on the basis that indictments in Salter for possession of controlled substances did not, on their faces, describe separate offenses, and accused could prove his claim that the indictments charged but a single offense without contradicting the indictments).
The general rule is that the defense of double jeopardy should be raised by pretrial motion at or before arraignment. See Rule 15.2(b) and (d); Rule 15.3, A.R.Crim.P.; Wilson v. State, 598 So.2d 1000, 1002 (Ala.Cr. App.1991). “A claim of double jeopardy must be timely raised at trial or it is waived.” *717 Kuk v. State, 602 So.2d 1213, 1219 (Ala.Cr. App.1992).
This case, like Broce, falls within the general rule that a petitioner may not collaterally attack his guilty pleas by presenting evidence outside the record to show that the multiple offenses to which he pleaded guilty were really a single offense for which the principles of jeopardy precluded multiple convictions.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.