MONTIEL, Judge.
The appellant, Damon Lanall Simpson, was indicted for capital murder in violation of § 13A-5 — 10(a)(2), Code of Alabama 1975, for the intentional killing of Obie D. Smith during the course of a robbery. Simpson filed a petition for youthful offender status, which the trial court denied. A jury found Simpson guilty as charged and recommended that he *101 be sentenced to life in prison -without parole. The trial court followed that recommendation and sentenced Simpson to life in prison without the possibility of parole.
Simpson argues that the trial court erred in failing to remove a veniremember for cause. The veniremember’s son-in-law, Mike Boyd, was the chief investigator of Smith’s murder. Simpson described Boyd as a “crucial” witness for the State, and our review of the record shows that Boyd was indeed an important State witness. Subsequent to the Smith investigation, Boyd took a job as the police chief in Suwanee, Georgia. Because he had moved away, Boyd was to stay at the veniremember’s home in Chambers County during Simpson’s trial. Because of Boyd’s importance to the State’s case, and because of the veniremember’s close relationship to the witness, Simpson requested that the veniremember be challenged for cause. The trial court denied the motion.
In Ex parte Tucker, 454 So.2d 552 (Ala.1984), the Alabama Supreme Court reversed the judgment of this Court, holding that the trial judge committed reversible error when he failed to grant the defendant’s challenge for cause of a potential juror whose brother was a material witness for the State.
On the authority of Ex parte Tucker, supra, we hold that the trial court erred in not granting Simpson’s challenge for cause of the venireman.
Therefore, the judgment of the circuit court is reversed and this case is remanded for further proceedings.
REVERSED AND REMANDED.
All the Judges concur.