669 So.2d 133 (1995)
Ex parte Spencer Owen ZIGLAR.
(Re State of Alabama v. Spencer Owen Ziglar).
1940290.
Supreme Court of Alabama.
September 22, 1995.
Rehearing Denied November 3, 1995.
*134 J. Stafford Pittman, Jr. of Pittman and Pittman, Enterprise, for Petitioner.
Jeff Sessions, Atty. Gen., and Yvonne A.H. Saxon, Asst. Atty. Gen., Joel Folmar, District Atty., Elba, for Respondent.
INGRAM, Justice.
Spencer Owen Ziglar petitions for a writ of mandamus or, alternatively, a writ of prohibition, directing the Coffee County Circuit Court not to retry the criminal case now pending against him, arguing that to do so would subject him to double jeopardy.
Ziglar was charged with murder, under § 13A-6-2, Ala.Code 1975, specifically, with intentionally causing the death of Edward Lamar Kelly by shooting him with a shotgun. The jury found him guilty of the lesser included offense of manslaughter, and he was sentenced to 20 years' imprisonment at hard labor. The Court of Criminal Appeals reversed the conviction and remanded for a new trial, because Ziglar's wife had been erroneously compelled to testify as the State's witness over Ziglar's objection and the wife's invocation of the marital privilege. Ziglar v. State, 629 So.2d 43 (Ala.Crim.App. 1993). On November 16, 1994, Ziglar's retrial for manslaughter began. Ziglar filed with the Court of Criminal Appeals a petition for a writ of mandamus or, alternatively, a writ of prohibition, alleging double jeopardy and asking that the retrial be barred. The Court of Criminal Appeals denied his petition, without an opinion, on the authority of Ex parte Spears, 621 So.2d 1255 (Ala.1993). Ex parte Ziglar, 668 So.2d 936 (Ala.Crim.App.1994).
Ziglar, on the same day his petition was denied in the Court of Criminal Appeals, petitioned this Court for a writ barring the retrial. However, the retrial ended before this Court had ruled on his petition. That second trial ended with a deadlocked jury and another mistrial. The trial court placed the case on its trial docket for a third trial, but this Court has stayed that third trial, pending a ruling on Ziglar's new petition seeking to bar a third trial.
By the mandamus petition now before this Court, Ziglar seeks an extraordinary writ that will provide "emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable." Rule 21(e)(4), Ala.R.App.P. In order for this Court to issue a writ of mandamus, Ziglar must show: "(1) a clear legal right ... to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Bloodsaw, 648 So.2d 553 (Ala.1994).
In Ex parte Spears, 621 So.2d 1255 (Ala. 1993), this Court held that a defendant was not entitled to mandamus review of his double jeopardy claim unless it fell within one of the recognized exceptions or presented one of those extraordinary cases where the rights of the parties cannot be adequately protected by appellate review. See, e.g., Ex parte Nissei Sangyo America, Ltd., 577 So.2d 912 (Ala.1991) (mandamus proper to review discovery rulings); Ex parte Insurance Co. of North America, 523 So.2d 1064 (Ala.1988) (mandamus proper to enforce a trial court's compliance with this Court's mandate); Ex parte Rush, 419 So.2d 1388 (Ala.1982) (mandamus proper to enforce a statutory or constitutional *135 right to a jury trial); Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510 (1945) (mandamus proper to require trial court to vacate certain interlocutory rulings in divorce case).
However, in Ex parte Roberts, 662 So.2d 229 (Ala.1995), this Court held that Roberts's constitutional rights against being placed in double jeopardy could not be adequately protected by appellate review and should be protected by a writ of mandamus. This Court narrowly applied this logic to the facts of that particular case, recognizing it as "factually distinguishable" from Spears.
The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Double Jeopardy Clause protects a person not only from being subjected to double punishments, but also from being put to trial twice for the same offense.
In Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the defendants filed a motion to dismiss an indictment they claimed violated the Double Jeopardy Clause. The Supreme Court held that the denial of the motion to dismiss was immediately appealable and that "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence," and that "the guarantee against double jeopardy assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense." 431 U.S. at 660, 661, 97 S.Ct. at 2040, 2041.
The American Bar Association Standards for Criminal Justice (1986) also suggest interlocutory review of double jeopardy claims. Criminal Appeals Standard 21-1.3(b) states:
"In general, a defendant should not be permitted to take an appeal until a final judgment adverse to the defendant has been entered in the trial court. Interlocutory review, in the discretion of the appellate court, should be available:
"(i) to review trial court decisions denying claims of procedural rights that cannot be vindicated by appeals from final judgments. Included among such claimed rights are [the protection against] double jeopardy and [the right to] bail pending trial...."
We are satisfied that a criminal defendant with a double jeopardy defense should not be foreclosed from pretrial correction of a trial judge's erroneous denial of a plea of former jeopardy. Therefore, the appellate courts of this State will review double jeopardy claims properly presented by petitions for the writ of mandamus. See Rule 21(e), Ala.R.App.P. This procedure will adequately protect the interest of a defendant, as emphasized in Abney, so as to avoid the personal strain, public embarrassment, and expense of a subsequent criminal trial.
Having determined that this Court will consider this issue if properly presented in a petition for a writ of mandamus, we now consider whether Ziglar has properly presented his double jeopardy claim.
In Alabama, a plea of former jeopardy must be in writing and verified by oath, unless its truth appears by some matter of record or other written evidence accompanying it. § 15-15-42, Ala.Code 1975. Generally, the defense of double jeopardy should be raised by pretrial motion. See Rule 15.2(b) and (d); Rule 15.3, Ala.R.Crim.P.; Tidwell v. State, 642 So.2d 716 (Ala.Cr.App.1994); Wilson v. State, 598 So.2d 1000 (Ala.Cr.App. 1991). A defense of double jeopardy must be timely raised at trial, or else it is waived. Tidwell v. State, at 717, citing Kuk v. State, 602 So.2d 1213, 1219 (Ala.Cr.App.1992).
Ziglar has presented with his petition no evidence indicating that he raised a plea of former jeopardy before the trial court. Because it does not appear that Ziglar has raised the defense of former jeopardy in the trial court, we can find no imperative duty upon the trial judge to bar the third trial, accompanied by a refusal to do so. Therefore, Ziglar's petition is due to be denied.
WRIT DENIED.
*136 HORNSBY, C.J., and MADDOX and SHORES, JJ., concur.
HOUSTON, J., concurs in the result.
KENNEDY, J., dissents.
BUTTS, J., recused.
HOUSTON, Justice (concurring in the result).
Just as the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," Article I, § 9, of the Constitution of Alabama of 1901, provides:
"That no person shall, for the same offense, be twice put in jeopardy of life or limb; but courts may, for reasons fixed by law, discharge juries from the consideration of any case, and no person shall gain an advantage by reason of such discharge of the jury."
Do these constitutional provisions require in every criminal case in which a mistrial has been entered and the defendant timely petitions for a writ of mandamus, that the appellate court review the reason for the mistrial, before the defendant can be brought to trial again for the same offense? I think not.