TAYLOR, Presiding Judge.
The State of Alabama filed this petition for a writ of mandamus directing the Honorable Howard F. Bryan, circuit judge for the Fifth Judicial Circuit to vacate his order granting Simpson’s motion to prevent the state from seeking the death penalty at his subsequent retrial. At his first trial, Simpson was tried and convicted of capital murder. He was sentenced to life in the penitentiary without parole. We reversed Simpson’s conviction in Simpson v. State, 666 So.2d 100 (Ala.Cr.App.1995). Simpson’s second trial for capital murder is scheduled to begin on March 11, 1996. Simpson filed a motion seeking to prevent the imposition of the death penalty at his subsequent retrial. The state filed a motion seeking to invoke the death penalty. The trial court ruled that the state was precluded from seeking the death penalty in Simpson’s second trial because the sentence at Simpson’s first trial was fixed at life imprisonment without parole. The state filed this petition for a writ of mandamus challenging the trial court’s ruling.
Initially, this court must determine if a petition for a writ of mandamus is the appropriate method to challenge this issue. We reviewed this exact issue raised in a petition for a writ mandamus in Ex parte Bell, 511 So.2d 519 (Ala.Cr.App.1987). In Bell this court stated:
“This Court ordered a response to the petition. Rule 21, A.R.A.P. In its answer, the Attorney General agrees that Bell’s second request should be granted and the petition for writ of mandamus should issue in that matter. The Attorney General candidly and commendably recognizes that the doctrine of Bullington v. Missouri[, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981)] is applicable in Alabama. Ex parte Godbolt [546 So.2d 991] (Ala.1987). In this case, because Bell’s first trial resulted in a sentence of life imprisonment without parole and because the retrial involves the same charge as the original trial, the State is precluded from seeking the death sentence on retrial. ‘[A] defendant sentenced to life imprisonment without parole by the trial court is protected against the later imposition of the death sentence in the event that he obtains a reversal of the conviction and is retried and reconvicted for the same offense.’ Godbolt, supra (emphasis in original).”
511 So.2d at 521. See also Godbolt v. State, 546 So.2d 991 (Ala.1987). The trial court’s ruling was correct.
The state’s petition for a writ of mandamus is due to be denied. The other issues raised *549 by the petitioner are rendered moot by this court’s denial of the petition.
PETITION DENIED.
All the Judges concur.