Edward Bishop filed this petition for a writ of mandamus directing Judge Charles R. Malone to reinstate the "not guilty" verdict returned by the jury in this case.
The City of Tuscaloosa ("the City") charged Bishop with driving under the influence of alcohol. On August 24, 2003, his trial began in the circuit court. During a break in the jury deliberations Bishop was seen talking with one of the jurors in his case. The trial court found Bishop in contempt of court and stated that it would set aside the verdict if the jury returned a "not guilty" verdict. The jury returned a verdict of "not guilty." The trial court then set aside the verdict and ordered that Bishop be retried on the same charges. Bishop filed a motion to reconsider; the trial court has not yet ruled on that motion. Bishop argues that retrying him on the same charge violates double jeopardy principles. (His retrial has been scheduled for February 23, 2004.) This petition followed.
The Alabama Supreme Court in Ex parte Ziglar, 669 So.2d 133
(Ala. 1995), recognized that mandamus is the appropriate vehicle to seek redress of a circuit court's ruling on an allegation of a double-jeopardy violation. The Ziglar Court stated:
 "We are satisfied that a criminal defendant with a double jeopardy defense should not be foreclosed from pretrial correction of a trial judge's erroneous denial of a plea of former jeopardy. Therefore, the appellate courts of this State will review double jeopardy claims properly presented by petitions for the writ of mandamus. See Rule 21(e), Ala. R.App.P. This procedure will adequately protect the interest of a defendant, as emphasized in Abney [v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651
(1977)], so as to avoid the personal strain, public embarrassment, and expense of a subsequent criminal trial."
669 So.2d at 135. See also Ex parte Spears, 621 So.2d 1255
(Ala. 1993). This case is correctly before this Court by way of a mandamus petition.
Bishop argues that once the jury returned a not-guilty verdict, his further prosecution for the same offense was barred by the Double Jeopardy Clause. He further argues that the trial court, to support its order for a new trial, would have to meet the requirements for granting a motion for a mistrial and that the facts of this case do not constitute the manifest necessity that is necessary to warrant the trial court's granting a motion for a mistrial.
The City argues that this petition is premature because Judge Malone has not disposed of Bishop's motion to reconsider *Page 264 
its order setting aside the jury's verdict. It further argues that jeopardy does not attach when a mistrial is granted because of a manifest necessity. The City contends that the fact that one of the jurors had a conversation with Bishop before deliberations constitutes a manifest necessity justifying a new trial.
The City argues that this mandamus petition is premature because Bishop still has a remedy — the trial court may grant his motion for reconsideration. Here, the trial court set aside the jury's verdict on August 26, 2003. According to established precedent, a trial court retains jurisdiction to modify a ruling for 30 days. See Moore v. State, 814 So.2d 308 (Ala.Crim.App. 2001). This is consistent with Rule 24.4, Ala.R.Crim.P., which provides that a motion for a new trial may be filed within 30 days from the date of sentencing. The motion to reconsider was filed on September 22, 2003 — within the 30-day period. Section12-22-133, Ala. Code 1975, provides that a trial court retains jurisdiction to dispose of a timely filed motion for a new trial. Rule 24.4, Ala.R.Crim.P., further provides that a posttrial motion for a new trial and a motion in arrest of judgment are deemed denied by operation of law if no ruling is entered on the motion within 60 days from the date of sentencing. However, we have held that a motion to reconsider does not fall within the category of motions recognized in Rule 24.4, Ala.R.Crim.P.[1] See Martinez v. State, 602 So.2d 504
(Ala.Crim.App. 1992). We can find no case that holds that a timely filed motion to reconsider, filed at the end of a criminal case, extends the jurisdiction of the lower court beyond 30 days. Judge Malone had jurisdiction to consider the motion to reconsider, but that jurisdiction ended 30 days from August 26, 2003 — the date of the ruling that is the subject of this petition. Therefore, this petition is not premature.
The United States Supreme Court has long recognized the basic legal premise that once a jury returns a "not guilty" verdict all criminal proceedings against the defendant are at an end. SeeBall v. United States, 163 U.S. 662, 16 S.Ct. 1192,41 L.Ed. 300 (1896). In Green v. United States, 355 U.S. 184,78 S.Ct. 221, 2 L.Ed.2d 199 (1957), the United States Supreme Court stated:
 "The constitutional prohibition against `double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. In his Commentaries, which greatly influenced the generation that adopted the Constitution, Blackstone recorded:
 "`. . . the plea of auterfoits acquit, or a former acquittal, is grounded on this universal maxim of the common law of England, that no man is to be brought into jeopardy of his life more than once for the same offense.'
 "Substantially the same view was taken by this Court in Ex parte Lange, 18 Wall. 163, at 169, [85 U.S. 163, at 169,] 21 L.Ed. 872:
 "`The common law not only prohibited a second punishment for the same offence, but it went further and forbid a second trial for the same offence, whether the accused had suffered punishment or not, and whether in the former trial he had been acquitted or convicted.' *Page 265 
 "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.
 "In accordance with this philosophy it has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and even when `not followed by any judgment, is a bar to a subsequent prosecution for the same offense.' United States v. Ball, 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300 [(1896)]. Thus it is one of the elemental principles of our criminal law that the Government cannot secure a new trial by means of an appeal even though an acquittal may appear to be erroneous. United States v. Ball, supra; Peters v. Hobby, 349 U.S. 331, 344-345, 75 S.Ct. 790, 99 L.Ed. 1129 [(1955)]. Cf. Kepner v. United States, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 [(1904)]; United States v. Sanges, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445 [(1892)]."
355 U.S. at 187-88, 78 S.Ct. 221 (footnotes omitted).
It is understandable that Judge Malone was distressed that one of the jurors had had contact with Bishop during the trial; however, at the time this misconduct was brought to his attention Judge Malone had two options. According to § 12-16-232, Ala. Code 1975, after obtaining the consent of all of the parties, Judge Malone could have discharged this juror and continued with the 11 remaining jurors. Judge Malone also could have declared a mistrial under § 12-16-233, Ala. Code 1975. That section provides:
 "The court or presiding judge in all cases of jury trial may discharge the jury without giving a verdict, with the consent of all parties to the trial or without the consent of the parties, when, in the opinion of the court or judge, there is a manifest necessity for the discharge or when the ends of justice would otherwise be defeated. In all cases in which the jury is discharged without a verdict, a mistrial shall be entered upon the minutes of the court, assigning the reason or cause for the mistrial, and no person shall gain any advantage by reason of such discharge of the jury."[2]
However, Judge Malone allowed the jurors to continue to deliberate and the jury returned an unanimous verdict of not guilty. "Because the jury had reached an unanimous decision on that charge, no `manifest necessity' existed for the trial judge to declare a mistrial on the charge." Ex parte Tribble,783 So.2d 69, 73 (Ala. 2000).
A jury has acquitted Bishop of driving under the influence of alcohol. All criminal proceedings against him are concluded. The Double Jeopardy Clause clearly forbids Bishop's retrial on these same charges.
Accordingly, this petition is due to be, and is hereby, granted. Judge Malone is directed to reinstate the jury's not-guilty *Page 266 
verdict and to enter a judgment acquitting Bishop of the charged offense.
PETITION GRANTED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] We note that in a civil context motions to reconsider are considered posttrial motions and are deemed denied by operation of law if no ruling is made within 90 days of the date of the filing of the motion. See Rule 59, Ala.R.Civ.P.
[2] Under Alabama law, a trial court has the authority to set aside a "guilty" verdict on the basis that the evidence is insufficient to support the verdict. See Rule 20.3, Ala.R.Crim.P. The trial court may also grant a motion for a new trial. See Rule 24.4, Ala. R.Crim.P.