Floyd Wesley Cole was indicted for the murder of his wife, Gwenda Miller Cole, in violation of § 13A-6-2, Code of Alabama
1975. The jury found Cole guilty of the lesser included offense of manslaughter, and he was sentenced to 20 years' imprisonment in the penitentiary. One issue is raised on appeal.
Cole contends that he was denied his constitutional right to a fair and impartial trial because (1) the record was silent as to whether an oath was administered to prospective jurors prior to voir dire examination and (2) the trial court failed to ask the necessary questions to determine if the prospective jurors were legally qualified to serve. We disagree.
On November 20, 1990, the State filed a motion to modify the record pursuant to Rule 10(f), A.R.App.P. The motion was granted, and a transcript of the trial court's qualification of the jury venire was submitted to this court. A review of that transcript shows that an oath was administered to the prospective jurors before the trial court asked the prospective jurors the necessary questions to determine if they could legally qualify to serve on the jury:
 "THE COURT: Before I ask any of these questions, you have to be place[d] under oath. Please rise.
 (Thereupon, the Jury venire was sworn in by the Circuit Clerk and the following proceedings were had, to-wit)."
The supplemental transcript further reveals that after the trial court excused those prospective jurors who were not qualified to serve on the jury, the entire remaining jury venire was again sworn by the circuit clerk prior to voir dire examination. The trial court's minute entry further states that the jurors "upon their oaths" returned a verdict against Cole. Cole, moreover, made no objection at trial concerning this issue.
It is undisputed that the record must contain some affirmative showing that the oath to the jury was administered.Tarver v. State, 500 So.2d 1232, 1241 (Ala.Cr.App.), aff'd,500 So.2d 1256 (Ala. 1986), cert. denied, 482 U.S. 920,107 S.Ct. 3197, 96 L.Ed.2d 685 (1987). A minute entry, however, is deemed to be a sufficient showing that the oath was administered.Tarver, supra, 500 So.2d at 1242. Statements in the record such as "upon their oaths" are also sufficient to show that a jury was sworn. Porter v. State, 520 So.2d 235, 237 (Ala.Cr.App. 1987).
We hold that the supplemental transcript and the court's minute entry affirmatively show that the prospective jurors were administered the oath both prior to the court's qualification of the prospective jurors and prior to the voir dire examination.
Cole's corollary argument that the trial court improperly qualified the prospective jurors is likewise without merit. The supplemental transcript reveals that the trial court conducted a painstaking inquiry of the prospective jurors to determine whether they were qualified to serve pursuant to § 12-16-43,Code of Alabama 1975.
The judgment of the circuit court is affirmed.
The foregoing opinion was prepared by JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a *Page 87 
judge of this court, and his opinion is adopted as that of this court.
AFFIRMED.
All the Judges concur.