The appellant, Rex Hartley, was convicted of attempted kidnapping in the first degree. He was sentenced to life in prison. With the help of advisory counsel, the appellant represented himself both at trial and on appeal.
 I
The appellant first contends that there was insufficient evidence to find him guilty of attempted kidnapping.
The appellant was indicted under § 13A-6-43(a)(2), Code of Alabama 1975, which states:
 "A person commits the crime of kidnapping in the first degree if he abducts another person with intent to
". . . .
"(2) Use him as a shield or hostage."
Attempt is defined in § 13A-4-2. This section states:
 "A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense."
The state's evidence tended to show that on October 18, 1989, three inmates were missing from the State Cattle Ranch, a minimum security camp in Hale County. Two officers, Officer Britford and Sergeant Nevin, went to search for the inmates. Approximately one hour later the officers returned to the ranch to find that the inmates had returned. All three inmates smelled of alcohol. The officers told them to pack up their belongings because they were going to the county jail for a breath test. The inmates were loaded into a van and were *Page 4 
approximately seven miles from the ranch when the appellant put a knife under Officer Britford's throat and said "Stop the van or I'm going to cut you!" The van skidded down the highway and turned sideways. Sergeant Nevin stated that when the van stopped, he got out of his seat and turned on the interior light and that the appellant told him that if Nevin did not sit down he would cut Officer Britford's throat. The appellant then told another inmate to grab Nevin. Sergeant Nevin grabbed his revolver, pointed it at the appellant and told him to give up. The appellant then sat down. Sergeant Nevin described the knife used by the appellant as a 10-inch black hunting knife.
"We must view the evidence in the light most favorable to the State." Holder v. State, 584 So.2d 872, 875 (Ala.Cr.App. 1991). The evidence was sufficient to present the charge of kidnapping to the jury for its determination. (See 59 A.L.R.3d 1306 (1974) for a discussion of the seizure of a prison official by an inmate as kidnapping.)
 II
The appellant next contends that the indictment does not charge him with an offense. The indictment reads as follows:
 "Rex Hartley, whose name is otherwise unknown to the Grand Jury other than as stated, did abduct Randy Britford, with the intent to use him as a shield or a hostage in violation of § 13A-6-43(b), Code of Alabama 1975."
The fact that the appellant was ultimately found guilty of attempted kidnapping does not make the indictment void. "Under Alabama law there is no requirement that an indictment specify that a defendant attempted to commit a particular substantive offense for that defendant to be convicted of attempting to commit the offense. Bateman v. State, 408 So.2d 194
(Ala.Cr.App. 1981)." Reese v. State, 456 So.2d 341, 347
(Ala.Cr.App. 1982) (emphasis in original). The first requirement of an indictment is that it apprise the accused of the nature of the offense. Ex parte Hightower, 443 So.2d 1272,1273 (Ala. 1983). See also Reese, supra. The indictment in the instant case tracks the language of the statute and is sufficient to apprise the appellant of the crime charged. "The indictment is sufficient if it alleges the elements of the statute or words which are equivalent in meaning." Holder, 584 So.2d at 879.
Though the appellant does not make this argument, the fact that the indictment contains an incorrect reference to a subsection of the statute (it cites § 13A-6-43(b) instead of §13A-6-43(a)(2)) does not make the indictment void. Ex parteBush, 431 So.2d 563 (Ala. 1983), cert. denied, 464 U.S. 865,104 S.Ct. 200, 78 L.Ed.2d 175 (1983); Lundy v. State,568 So.2d 399 (Ala.Cr.App. 1990); Royer v. State, 542 So.2d 1301
(Ala.Cr.App. 1988).
 III
The appellant next contends that his conviction should be reversed because there is no evidence in the record that the jury was ever sworn. However, this contention is unsupported by the record. The record contains the following remark by the court: "As you swore to do in the oath you took in the beginning, you should base your verdict solely on the evidence in this case." This is sufficient to show that the oath had been administered. Cole v. State, 580 So.2d 85, 86 (Ala.Cr.App. 1991), Tarver v. State, 500 So.2d 1232 (Ala.Cr.App.), aff'd,500 So.2d 1256 (Ala. 1986).
 IV
The appellant next contends that he should have been given information necessary to impeach the credibility of the state's witnesses. Specifically, he maintains that he was not given information that he requested before the commencement of the trial. He filed a motion requesting a transcript of the grand jury testimony and a motion to obtain a transcript of the preliminary hearing. However, the record contains no evidence that these motions were ever ruled on by the court. " 'Review on appeal is limited to matters on which rulings are invoked at the *Page 5 
trial level.' " Gaston v. State, 581 So.2d 548, 550
(Ala.Cr.App. 1991).
Moreover, the appellant is not entitled to discover statements of prosecution witnesses. Britain v. State,518 So.2d 198 (Ala.Cr.App. 1987), cert. denied, 486 U.S. 1008,108 S.Ct. 1736, 100 L.Ed.2d 199 (1988). Rule 18.1(e), A.R.Crim.P.Temp. states:
 "[T]he discovery or inspection of reports, memoranda, witness lists, or other internal state documents made by the district attorney or his agents, or by law enforcement agents, in connection with the investiption or prosecution of the case, or of statements made by state witnesses or prospective state witnesses, is not authorized."
 V
The appellant further contends that the trial court erred in its jury instructions. However, the record shows that at the end of the court's charge, the defense announced that it was satisfied with the court's instructions. Therefore, because no objection was made, any alleged error in the instructions has not been preserved for our consideration. Rule 14, A.R.Crim. P.Temp.
 VI
The appellant next contends that the attempt statute has no application to the kidnapping statute. However, the appellant first raises this issue on appeal. We cannot consider matters that have not first been presented to the trial court for its determination. Johnson v. State, 479 So.2d 1377 (Ala.Cr.App. 1985).
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.