The appellant, Oscar Kenneth Gowens, was indicted for the murder of Ronnie Williams, in violation of § 13A-6-2, Code of Alabama 1975. A jury found the appellant guilty as charged in the indictment. The appellant was sentenced to life imprisonment.
The evidence presented at trial tends to show the following. The appellant was divorced, and his ex-wife was dating the victim. Mark Brown testified that was employed by the appellant, who owned an automobile repair shop. The appellant's ex-wife worked at Fort McClellan. Brown stated that he would often ride with the appellant while the appellant spied on his ex-wife. Brown testified that on those occasions he and the appellant would go to Fort McClellan to watch the appellant's ex-wife. Brown further testified that on one occasion he and the appellant had followed the appellant's ex-wife to the victim's mobile home.
According to Brown, on the evening of August 23, 1989, he and the appellant went to the victim's mobile home. Brown testified that while he sat in the vehicle, the appellant went to the victim's mobile home, unscrewed the light bulb in the porch light, and went into the victim's mobile home. Brown stated that while the appellant was in the mobile home, he heard a gunshot and saw a flash of light. According to Brown, the appellant came out of the mobile home, got into the vehicle and put a gun under the seat of the vehicle. Brown testified that the appellant threatened him if Brown told anyone about the shooting.
The victim died as a result of a bullet wound to the head from a .38 caliber handgun. Ballistic tests established that the bullet that killed the victim was fired from a .38 caliber Titan Tiger handgun owned by the appellant's ex-wife.
The appellant testified that on the night of the shooting, he was working late repairing a dump truck owned by Robert and Cherie King. He further testified that he did not know the victim and that he did not kill the victim.
 I
The appellant first argues that he is entitled to a new trial because, he says, the prosecution failed to disclose exculpatory evidence, specifically that the prosecution did not reveal that two witnesses had recanted their statements and because, he says, the trial court improperly failed to suppress the fact that the Kings were recanting their statements. In response to the appellant's discovery request for any exculpatory material, the prosecution provided the defense with the written statements of Robert King and Cherie King, stating that they were with the appellant on August 23, 1989, while the appellant was repairing their dump truck. The prosecution also provided the defense with a repair receipt for the work done on the dump truck dated August 23, 1989.
During the trial, the prosecution called Robert King and Cherie King as witnesses. Essentially, the Kings testified that their written statements were not accurate as to the date that the appellant had performed the repair work on their dump truck. The Kings testified that the appellant had asked them to tell the investigator that he had worked on their truck on August 23, 1989, because, he told them, his ex-wife and he were having a dispute and she was trying to take his garage business. The Kings further testified that when they found out that the appellant was being investigated for murder, they told the investigator the truth. Additionally, *Page 526 
Cherie King testified that when she was subpoenaed to testify before the grand jury, she learned that the appellant was charged with murder and testified truthfully before the grand jury.
The appellant argues that the trial court erred in failing to suppress the Kings' testimony in which they recanted their earlier statements because, he argues, he had relied upon the Kings' written statements provided to him by the prosecution as an alibi defense. The appellant contends that the prosecution violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963), and Rule 16, Ala.R.Crim.P., because, he says, the failure of the prosecution to inform him that the Kings had recanted their statements amounts to "justice by ambush."
Brady provides that the prosecution must provide the defense with any information in its possession favorable to the defendant. Brady, 373 U.S. at 87, 83 S.Ct. at 1196-97. Likewise, Rule 16(c)(1), Ala.Crim.R.P., provides, in part, that the prosecution must disclose information material to the defense, except that the State need not produce statements by the State's witnesses or prospective witnesses for the state. See, also, Hartley v. State, 598 So.2d 2 (Ala.Crim.App. 1991).
However, it must be noted that this Court does not consider the fact that the Kings had recanted their statements to be the type of exculpatory material as contemplated by Brady and Rule 16, Ala.Crim.R.P. On the contrary, the Kings' testimony recanting the statements removes the appellant's alibi defense and, thus, is inculpatory. We know of no case requiring the prosecution to provide a criminal defendant with inculpatory substantive testimony of its witnesses. Rather, if the statements are not exculpatory, the statements of prospective witnesses need not be produced by the State. Hartley; Cliftonv. State, 545 So.2d 173 (Ala.Crim.App. 1988). Therefore, the trial court did not err in failing to suppress the Kings' testimony or in denying the appellant's motion for a new trial based on a Brady violation.
 II
The appellant argues that the trial court erred in denying his motion for a new trial because he contends that he was able to prove by newly discovered evidence that a State's witness had committed perjury. Specifically, at the hearing on the motion for a new trial, the appellant produced evidence that the military police on Fort McClellan had no records of a chase by the military police involving the appellant on one occasion when the appellant spied on his wife as Mark Brown had testified. Further, during cross-examination about alleged criminal convictions, Mark Brown denied that he had ever used an alias. At the hearing on the motion for a new trial, the defense presented an identification card with a picture, purportedly of Mark Brown, but which identified a person with a different name.
 "In order to grant a motion for new trial alleging perjured testimony, the trial court must be reasonably well satisfied 1) that testimony given by a witness at trial was false; 2) that there is a significant chance that had the jury heard the truth, it would have reached a different result; 3) that the evidence tending to prove the witness's perjury has been discovered since the trial; and 4) that evidence could not have been discovered before or during trial by the exercise of due diligence."
Ex parte Frazier, 562 So.2d 560, 569-70 (Ala. 1989).
We decline to decide whether Mr. Brown's testimony was false. "The trial court is the factfinder in a hearing on a motion for a new trial, and a condition to the granting of a new trial on the basis of newly discovered evidence is that the trial court must believe the evidence presented." McMillian v. State,594 So.2d 1253, 1264 (Ala.Crim.App. 1991), remanded,594 So.2d 1289 (Ala. 1991). Here, the trial court may not have been reasonably satisfied that Mr. Brown's testimony was false after hearing the evidence submitted in support of the motion for a new trial, because many explanations may exist for any discrepancies in Mr. Brown's testimony. However, even assuming
that Mr. Brown's testimony with regard to these matters was false, the appellant *Page 527 
was not entitled to a new trial. Here, there is not a significant chance that had it heard the truth the jury would have reached a different result. The matters to which Brown testified were essentially collateral to any issue at trial. Therefore, the trial court was reasonably satisfied that the jury's verdict would not have been affected, and it properly denied the appellant's motion for a new trial.
 III
The appellant next argues that Rule 16, A.R.Crim.P., is unconstitutional because, he argues, it deprives him of his due process rights and his right to a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and under Article 1, § 6, of the Alabama Constitution of 1901. Specifically, the appellant argues that by not entitling him to the State's witness list for his attorney to conduct voir dire of the jury panel, Rule 16 deprives him of these constitutional rights. The appellant's argument is without merit.
The appellant concedes that the United States Supreme Court has held that an accused is not constitutionally entitled to the State's witness list prior to trial. Weatherford v. Bursey,429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977). In fact, there is no constitutional right to discovery in a criminal case. Id.; see, also, Bass v. State, 417 So.2d 582,585 (Ala.Crim.App. 1982), writ denied, 417 So.2d 588
(Ala. 1982). Because the Supreme Court has stated that there is no constitutional right to such discovery, Rule 16, A.R.Crim.P., which allows limited discovery, cannot be unconstitutional.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.