The petitioner, Wayne Zimlich, filed this petition for a writ of mandamus requesting that we direct the Honorable Robert Kendall,[1] circuit judge for the Thirteenth Judicial Circuit, to dismiss the indictment against him. In June 1998, the Grand Jury for Mobile County indicted Zimlich for perjury.[2]
Zimlich moved to dismiss the indictment, alleging that the indictment was filed outside the statutory limitations period and/or that it was void because it failed to allege that the false *Page 396 
statements he allegedly made were material, an element of first-degree perjury. In December 1998, Judge Galanos dismissed the indictment. In January 1999, Zimlich was again indicted, this time for perjury in the first degree. This indictment charged that the false statements allegedly made by Zimlich were material, thus elevating the offense to a felony under § 13A-10-101, Ala. Code 1975. Zimlich moved to dismiss the second indictment, arguing that it was filed outside the statutory limitations period because, he said, the first indictment did not toll the limitations period. Judge Galanos first denied the motion, later set aside his denial, and then recused himself from the case. Zimlich's case was subsequently reassigned to Judge Kendall, who denied the motion to dismiss the second indictment. This mandamus petition followed.
This complicated case arose after a female patient died during a surgical procedure in 1993. Her family filed a medical malpractice action, and in 1995 the case was tried in the Circuit Court for Mobile County. Zimlich, the nurse anesthetist present during the operation, testified at the trial. Zimlich was later indicted for perjury after he admitted that his testimony was false. Zimlich states in the petition to this Court that he "became a whistle-blower in that he admitted that he was coerced into giving false testimony by the insurance company, employees of the insurance company, his doctor-employer, and the defense attorney for the insurance company. . . ."
The State argues that this case is not properly before this Court because, it says, Zimlich has another adequate remedy by which to seek review of this claim, i.e., direct appeal. Zimlich argues that a direct appeal is not an adequate remedy because he will "suffer irreparable harm and injury in that a felony conviction will deprive him of his license to practice his profession and thereby deprive him of his livelihood immediately upon a conviction."
The Alabama Supreme Court has refused to review by way of mandamus petition, a claim of a double jeopardy violation — a similar defense claim to that raised here — unless the claim fit within one of the recognized exceptions or "the rights of the parties [could not] be adequately protected by appellate review of a final judgment." Ex parte Spears, 621 So.2d 1255, 1258 (Ala. 1995). However, in 1995, the Supreme Court revisited this issue, and in Ex parte Ziglar, 669 So.2d 133 (Ala. 1995), held:
 "We are satisfied that a criminal defendant with a double jeopardy defense should not be foreclosed from pretrial correction of a trial judge's erroneous denial of a plea of former jeopardy. Therefore, the appellate courts of this State will review double jeopardy claims properly presented by petitions for the writ of mandamus. Rule 21, Ala.R.App.P. This procedure will adequately protect the interest of a defendant, as emphasized in Abney [v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)], so as to avoid the personal strain, public embarrassment, and expense of a subsequent criminal trial."
669 So.2d at 135. In Ex parte Stover, 663 So.2d 948 (Ala. 1995) the Alabama Supreme Court reviewed, by way of a petition for a writ of mandamus, a ruling on the denial of a motion for summary judgment, where the motion asserted that the statutory limitations period had expired.
The Alabama Supreme Court has shown an increasing willingness to review by way of mandamus petition pretrial issues raising viable defenses. Zimlich is scheduled to testify in the trial of one of his codefendants which is currently set to begin June 14, 1999. We believe that this case *Page 397 
fits within the exception traditionally recognized by the Supreme Court, because the "rights of the parties cannot adequately be protected" if we decline to review the issue presented by this mandamus petition. This matter is thus properly before this court.
Zimlich argues that Judge Kendall erred in denying his motion to dismiss the second indictment because, he says, that indictment was returned after the statutory limitations period had expired and because, he says, the first indictment was not sufficient to invoke the tolling provisions of § 15-3-6. The State argues that the first indictment was not void and, therefore, that it was sufficient to toll the limitations period. To consider the merits of Zimlich's allegations we must evaluate the first indictment. The June 1998 indictment read as follows:
 "The Grand Jury of said County charges, that before the finding of this indictment, Wayne Zimlich whose name is to the Grand Jury otherwise unknown than as stated, did on or about October 9, 1995, after having been sworn to tell the truth, knowingly testify under that oath in an official proceeding, to-wit: a jury trial in the Circuit Court of Mobile County, Alabama, as follows:
 "`Q — And according to the EKG [electrocardiogram] monitor this period, this second episode of bradycardia and hypotension would have lasted for what period of time?
 "`A — About three minutes from the time it went down below like 43 and I started to treat it until she responded to the drugs.'
 "The said Wayne Zimlich did, on or about November 3, 1997, after having been sworn to tell the truth, knowingly testify under that oath in an official proceeding, to-wit: a jury trial in the Circuit Court of Mobile County, Alabama, as follows:
 "`Q — Page 81, I'll read this, starting at line 4 [of a prior deposition of the said Wayne Zimlich], question: is it your testimony that the bradycardia in the second episode lasted three to five minutes?" Answer: "Yes." Question: "Is it your testimony that Ms. McGahagin would not have been bradycardic for longer than three to five minutes?" Answer: "Correct, severe sinus bradycardia no longer [than] three to five minutes." That was a lie?
 "`A — That was what we had decided we were going to say and that was not the truth.
"`Q — That's not the truth?
"`A — That's correct.'
 "And during that same official proceeding, the said Wayne Zimlich did knowingly testify as follows:
"`Q — All right. Did you testify at trial?
"`A — Yes, I did.
"`Q — And did you testify truthfully at trial?
"`A — No.
 "`Q — Tell us what you said during trial that wasn't truthful.
 "`A — I stayed with the defense that I had been told to put forward, that the record was compressed, that it was only three to four minutes, or four to five minutes. . . . [B]ut basically it was trying to defend that time period.'
 "The said Wayne Zimlich having knowingly made each said statement, one or the other of which is false and not believed by the said Wayne Zimlich to have been true when made, in violation of section 13A-10-101, of the Code *Page 398 
of Alabama against the peace and dignity of the State of Alabama."
(Emphasis in original.)
This June 1998 indictment, which tracked the language of §13A-10-103, third-degree perjury, charged Zimlich with testifying falsely in October 1995. The second indictment alleged, in part, that "the matter so sworn to [was] material to a determination of whether or not there had been bad faith, negligence or wanton failure to settle an insurance claim." There is no dispute that the second indictment was filed more than three years after the alleged incident.[3] However, according to § 15-3-6, the time between the issuance of a first indictment and the issuance of a subsequent indictment is deducted for purposes of calculating the statute of limitations. This section reads:
 "When an indictment is lost, mislaid or destroyed, when a judgment is arrested or an indictment quashed for any defect therein, for the reason that it was not found by a grand jury regularly organized, because it charged no offense or for any other cause or when the prosecution is dismissed because of a variance between the allegations of the indictment and the evidence and a new indictment is ordered to be preferred, the time elapsing between the preferring of the first charge or indictment and the subsequent indictment must be deducted from the time limited for the prosecution of the offense last charged."
See also Rule 15.5(c), Ala.R.Crim.P.[4]
Before § 15-3-6 and Rule 15.5(c) may operate to save a subsequent indictment, however, some conditions must be present. Initially, the first and the subsequent indictment must be issued for the "same" offense. As this court recently stated in Campbellv. State, 784 So.2d 318, 319 (Ala.Cr.App. 1998), quoting Finley v.State, 683 So.2d 7, 8 (Ala.Cr.App. 1996), "`under §15-3-6, the statute of limitations [is] tolled during those periods that an indictment for the offense in question [is] pending against the appellant.'" (Emphasis added.) Here, the first indictment tracked the language of the third-degree perjury statute, §13A-10-103, which states in part, "A person commits the crime of perjury in the third degree when he swears falsely." There was no allegation in the first indictment that the alleged false statements were "material." The first indictment thus charged Zimlich with the misdemeanor offense of perjury in the third degree,[5] while the second indictment charged Zimlich with first-degree perjury for making a false statement, under oath, which was material to the proceedings. The first indictment charged a different offense than did the second indictment. *Page 399 
Also, to effectively toll the limitations period, the first indictment must issue before the limitations period has expired. The first indictment charged third-degree perjury — a misdemeanor. "The prosecution of all misdemeanors before a circuit or district court must be commenced within 12 months after the commission of the offense." The first indictment, returned more than 12 months after the alleged perjury occurred, was returned after the statute of limitations period had expired. Thus, the first indictment was void.
For the foregoing reasons, the first indictment did not operate to toll the time for returning the second indictment. Judge Kendall should have granted the motion to dismiss the second indictment because the statute of limitations for commencing the prosecution had expired. This petition is due to be granted.
PETITION GRANTED.
McMillan, Cobb, and Baschab, JJ., concur.
[1] On April 9, 1999, this case was reassigned to Judge Kendall after Judge Chris Galanos recused himself before the motion to dismiss the second indictment had been ruled on. Judge Galanos recused himself when he learned that the law firm he was joining upon his resignation from the bench represents the insurance company involved in the underlying medical malpractice action.
[2] This indictment tracked the language of the statute defining the offense of perjury in the third degree, § 13A-10-103. This offense is a misdemeanor.
[3] The statutory limitations period for commencing the prosecution for first-degree perjury is three years. § 15-3-1, Ala. Code 1975.
[4] Rule 15.5(c), Ala.R.Crim.P., states:
"(c) Statutes of Limitations Tolled. The running of the time prescribed by an applicable statute of limitations shall be tolled by the issuance of the charging instrument until such time as the court grants a motion to dismiss based on a defect in the commencement of the proceedings or in the charge, unless the court in granting the motion finds that the state has not made a good faith effort to proceed properly and that the defendant has been prejudiced by any resulting delay."
[5] Although, the first indictment cites § 13A-10-104, this Court has always treated Code section references in indictments as mere surplusage. Blevins v. State, 747 So.2d 914 (Ala.Cr.App. 1998).
We also note that the first indictment was not "void" for failing to charge an offense. The indictment tracked the language of the statute defining the offense of third-degree perjury.