McMILLAN, Presiding Judge.
The appellant, Wayne Zimlich, pleaded guilty and was convicted of perjury in the second degree, a violation of § 13A-10-102, Ala.Code 1975. He was sentenced to one year’s imprisonment; that sentence was split and he was ordered to serve 60 days’ imprisonment, and two years on probation. He was required, as a condition of his probation, to surrender to the Alabama Board of Nursing his nursing license for the two years of his probation. The trial court further ordered Zimlich to refrain from practicing as a nurse or nurse anesthetist in Alabama or any other state during the probationary period. Zimlich was ordered to pay $25 to the victims compensation fund and to pay assessed court costs.
This case has a complicated history, which we briefly recount in order to accurately characterize the issues and the procedural posture of this case. See Ex parte Zimlich, 796 So.2d 394 (Ala.Crim.App. 1999), writ of mandamus set aside by State v. Zimlich, 796 So.2d 399 (Ala.2000).
In 1993, a female patient died during surgery to remove her gallbladder. Her family filed a medical-malpractice action against Zimlich, a registered nurse anesthetist, and his supervising physicians, alleging that they had negligently caused the death of the patient; that case was tried in the Mobile Circuit Court in October 1995. Zimlich, who had been present during the operation and who had administered various medications, testified during the trial of the medical-malpractice case. In November 1997, Zimlich sued his insurance company alleging that it had acted in bad faith in failing to settle the malpractice claim against him. He was awarded $15,000 against the insurance company. In the trial of his claim against the insurer, he alleged that he had been coerced by the insurance company and its employees, the doctor who employed him, and the defense attorney representing the insurance company, into giving false testimony at the malpractice trial.
In June 1998, the grand jury for Mobile County indicted Zimlich for perjury. The indictment read:
“WAYNE ZIMLICH, whose name is to the Grand Jury otherwise unknown than as stated, did, on or about October 9, 1995, after having been sworn to tell the truth, knowingly testified under that oath in an official proceeding, to-wit: a jury trial in the Circuit Court of Mobile County, Alabama as follows:
“ ‘Q. And according to the [EKG (echocardiogram) ] monitor this period, this second episode of bradycardia and hypotension would have lasted for what period of time?
“ ‘A. About three minutes from the time it went down below like forty-three and I started to treat it until she responded to the drugs.’
“That said Wayne Zimlich did, on or about November 3, 1997, after having been sworn to tell the truth, knowingly testified under that oath at an official *883 proceeding, to-wit: a jury trial in the Circuit Court of Mobile County, Alabama as follows:
“ ‘Q. Page eighty-one, I’ll read this, starting at line four (of a prior deposition of Wayne Zimlich), question: is it your testimony that the bradycardia in the second episode lasted three to five minutest?]
‘“A: Yes
“ ‘Q: Is it your testimony that Ms. McGahagin would not have been bra-dycardic for longer than three to five minutes?
“ ‘A: Correct, severe sinus bradycar-dia for longer than three to five minutes.
“ ‘Q. That was a lie?
“‘A. That was what we had decided we were going to say and that was not the truth.
“ ‘Q. That’s not the truth?
“ ‘A. That’s correct.
[[Image here]]
“That said Wayne Zimlich having knowingly made each said statement, one of the other of which is false and not believed by the said Wayne Zimlich to have been true when made, in violation of Section 13(A)-10-101, of the Code of Alabama against the peace and dignity of the State of Alabama.”
Zimlich filed a motion to dismiss the indictment, arguing that it failed to allege the offense of perjury in the first degree because it made no allegation that the alleged perjurious statement was “material.” In 1998, the trial court granted Zim-lich’s motion. In January 1999, the State reindicted Zimlich for first-degree perjury. The indictment read as follows:
“The GRAND JURY of the County charge, that before the finding of this indictment, WAYNE ZIMLICH whose name is to the Grand Jury otherwise unknown than as stated, and, or on about October 9, 1995, during his examination as a witness after having been duly sworn to testify. truthfully in the trial of JAMES R. McGAHAGIN, et al., v. DR. ANTHONY SAVOIE, et al, CV-93-1571, in the Circuit Court of Mobile County, Alabama a jury trial alleging medical malpractice, which said court had authority to administer such oath, swear as follows:
“Q. And according to the EKG monitor this period, this second episode of bradycardia and hypotension would have lasted for what .period of time?
“A. About three minutes from the time it went down below like forty-three and I started to treat it until she responded to the drugs, and the matter so sworn to being material to a determination of whether or not there had been medical malpractice; and, “That said WAYNE ZIMLICH did,
on or about November 3, 1997, during his examination as a witness and after having been duly sworn to testify truthfully in the trial of WAYNE ZIMLICH v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, et. al.', CV-96-2441, in the Circuit Court of Mobile County, Alabama, a jury trial alleging bad faith, negligence or .wanton failure to settle an insurance claim, which said court had authority to administer such oath, swear as follows:
“Q. All right. Did you testify at trial?
“A. Yes.
“Q. And did you testify truthfully at trial?
“A. No.
“Q. Tell us what you said during trial that wasn’t truthful?
“A. I stayed with the defense that I have been told to put forward, that the record was compressed, that it was only three to four minutes, or four to five minutes. I don’t remem *884 ber whether I was ever asked about Savoie, but basically- it was trying to defend that time period,
“and the matter so sworn to being material to a determination of whether or not there had been bad faith, negligence or wanton failure to settle an insurance claim, and
“The said WAYNE ZIMLICH having willfully and corruptly made each statement, one or the other of which is false and not believed by the said WAYNE ZIMLICH to have been true- when made, a violation of Section 13A-10-104 of THE CODE OF ALABAMA, in violation of Section 13A-10-101, of THE CODE OF ALABAMA against the peace and dignity of the State of Alabama.”
Zimlich filed a second motion to dismiss, arguing that because the second indictment charged first-degree perjury, a different offense from that charged in the first indictment, which he argued was third-degree perjury, and because the second indictment was returned more than three years after the date of the perjury, it was barred by the applicable statute of limitations, § 15-3-1, Ala.Code 1975. He contended that the misdemeanor perjury charge in the first indictment did not toll the running of the statute of limitations because, he says, the tolling statute applies only to the same offense. He further contended that the first indictment, charging a misdemeanor, was void because it was not brought within the 12-month statutory limitations period. Section 15-3-2, Ala. Code 1975. Lastly, he argued that he would be substantially prejudiced if the indictment were not dismissed. The trial court denied Zimlich’s motion and found that the first indictment was not void and that, therefore, the three-year statute of limitations on the felony perjury charge was tolled by Rule 15.5(c), Ala. R.Crim. P.
Zimlich petitioned for a writ of mandamus from this Court, ordering the trial court to dismiss the indictment on statute of limitations grounds. This Court granted his petition. In so holding, this Court concluded that the first indictment tracked the language of § 13A-10-103(a), Ala.Code 1975, the statute defining third-degree perjury. That statute reads: “A person commits the crime of perjury in the third degree when he swears falsely.”
The statutory limitations period for commencing a prosecution for third-degree perjury, a misdemeanor offense, is 12 months. See § 15-3-2, Ala.Code 1975. (“[T]he prosecution of all misdemeanors before a circuit or district court must be commenced within 12 months after the commission of the offense.”).
This Court further found that the first indictment did not operate to toll the running of the time for returning the second indictment because the first indictment charged an offense different from that charged in the second indictment and because the first indictment was void, having been returned more than 12 months after the alleged perjury had occurred at the October 1995 trial.
The Alabama Supreme Court set aside this Court’s writ of mandamus, see State v. Zimlich, supra, holding that mandamus was an inappropriate remedy to review Zimlich’s claims because Zimlich failed to establish that he had a clear legal right, to the order he received and because his claims could, be raised on a direct appeal of his conviction. Although the Supreme Court did not specifically rule on the merits of Zimlich’s claim, it indicated that, contrary to this Court’s opinion in Ex parte Zimlich, “an equally persuasive argument can be made that [the first indictment] did not track § 13A-10-103 [third-degree perjury] and did not charge misdemeanor perjury.” State v. Zimlich, 796 *885 So.2d at 402 n. 2. The Supreme Court further stated that “[w]e note that the indictment more closely tracked § 13A-10-104, which allows a person to be prosecuted for inconsistent statements that occurred within the statutory limitations period, and that it cited the felony-perjury statute, § 13A-10-101.” State v. Zimlich, 796 So.2d at 402 n. 2.
The record indicates that no trial was conducted on Zimlich’s claims after this Court set aside its writ of mandamus. The trial court, however, conducted three separate hearings on October 19, 2000, February 12, 2001, and May 29, 2002. In October 2000, oral argument was presented before the trial court on Zimlich’s motion to dismiss. Zimlich reiterated the same arguments raised in his prior motions to dismiss. The State responded by presenting a “time line,” which indicated that the second indictment was returned 89 days before the 3-year statutory limitations period for first-degree perjury expired. Zimlich admitted that, if the first indictment actually charged first-degree perjury, a felony, then the statute was tolled. At the February 2001 hearing, Zimlich withdrew his plea of not guilty, and stipulated that the State could prove a prima facie case of first-degree perjury against him. At the May 2002 hearing, the State and Zimlich agreed to amend the charge to second-degree perjury, a misdemeanor, and Zimlich entered a guilty plea. In May 2002, Zimlich filed a motion to dismiss the indictment and a motion to modify the sentence, both of which the trial court denied.
Zimlich argues that the trial court erred in denying his motion to dismiss the indictment charging first-degree perjury. In support of his argument, Zimlich contends that the Alabama Supreme Court’s holding setting aside this Court’s grant of Zim-lich’s petition for a writ of mandamus did not disturb this Court’s decision on the merits of his statute-of-limitations claim, and that this Court’s ruling, in Ex parte Zimlich, supra, is still the “law of the case.”
This Court does not agree with Zimlich’s contention that our holding in Ex parte Zimlich, supra, is the law of the case, because that judgment was set aside by the Alabama Supreme Court in State v. Zimlich, supra.
If the first indictment was an attempt to charge first-degree perjury, it failed to charge an essential element of the offense, materiality, and was, therefore, void. Consequently, it would not toll the statutory limitations period for the return of the second indictment. “The word Void,’ in its 'strictest sense, means that which has no force and effect, is without legal efficacy, is incapable of being enforced by law, or has no legal or binding force.” Black’s Law Dictionary 1573 (6th ed.1990). Since a void indictment has no legal effect, there was nothing to toll the statute of limitations. Cf. State v. Fain, 484 So.2d 558, 559 (Ala.Crim.App.1986) (“A valid warrant of arrest is the commencement of a criminal prosecution within the meaning of the statute of limitations.... However, a void warrant of arrest will not toll the statute of limitations.”).
Moreover, if the first indictment intended to charge perjury in the third degree,[1] then it was filed too late; the statutory limitations period for filing an indictment of a misdemeanor is within 12 months of its commission. § 15-3-2, Ala. Code 1975. The statute of limitations is jurisdictional and an indictment filed after *886 the expiration of the limitations period is void. Ex parte Campbell, 784 So.2d 323, 324 (Ala.2000).
Consequently, the trial court erred in denying Zimlich’s motion to dismiss the perjury charge. Therefore, we reverse the judgment of the trial court and render a judgment in favor of Zimlich.
REVERSED AND JUDGMENT RENDERED.
COBB, BASCHAB, and SHAW, JJ., concur. WISE, J., dissents, with opinion.

. Perjury in the third degree is a Class B misdemeanor. § 13A-10-103(b), Ala.Code 1975.