WISE, Judge,
dissenting.
I dissent from the majority.opinion reversing Zimlich’s conviction for second-degree perjury and rendering a judgment in his favor on the ground that the indictment was filed after the expiration of the statutory limitations period. Admittedly, in 1999 this Court held that the 1998 indictment returned against Zimlich charged him with third-degree perjury, a misdemeanor, rather than first-degree perjury, a felony. Thus, this Court concluded that the 1999 indictment charging him with first-degree perjury was barred by the statute of limitations. See Ex parte Zimlich, 796 So.2d 394, 398 (Ala.Crim.App. 1999).[2]
However, the Alabama Supreme Court subsequently vacated this Court’s decision, holding that Zimlich had no clear legal right to the dismissal of a 1999 perjury indictment as barred by the statute of limitations and, therefore, was not entitled to a writ of mandamus. State v. Zimlich, 796 So.2d 399 (Ala.2000). Although the Supreme Court granted the State’s petition for the writ of mandamus on grounds other than this Court’s conclusion that the 1999 indictment was time-barred because the 1998 indictment did not operate to toll the time for returning the 1999 indictment, the Supreme Court, nevertheless, called into question this Court’s holding, noting:
“Although the Court of Criminal Appeals concluded that the first indictment charged Zimlich with misdemean- or perjury and that the language of the indictment tracked § 13A-10-103 (third-degree perjury), an equally persuasive argument can be made that it did not track § 13A-10-103 and did not charge misdemeanor perjury. We note that the indictment more closely tracked § 13A-10-104, which allows a person to be prosecuted for inconsistent statements that occurred within the statutory limitations period, and that it cited the felony-perjury statute, § 13A-10-101.”
796 So.2d at 402 n. 2." The Supreme Court, at least by implication, recognized that Zimlich’s 1998 indictment did charge him with felony perjury, and that that indictment was not void. In my opinion, the 1998 indictment more clearly tracked the language of § 13A-10-104, which addresses perjury arising out of inconsistent statements made under oath. This Court has long held that an indictment is sufficient if it tracks the language of the charging statute.
“The first requirement of an indictment is that it apprise the accused of the nature of the offense. Ex parte Hightower, 443 So.2d 1272, 1273 (Ala.1983). See also Reese [v. State, 456 So.2d 341 (Ala.Crim.App.1982) ]. The indictment in the instant case tracks the language of the statute and is sufficient to apprise the appellant of the crime charged. ‘The indictment is sufficient if it alleges the elements of the statute or words which are equivalent in meaning.’ Hold *887 er [v. State,] 584 So.2d [872,] 879 [ (Ala.Crim.App.1991) ].”
Hartley v. State, 598 So.2d 2, 4 (Ala.Crim. App.1991).
Clearly, the 1998 indictment sufficiently tracked the language of .§ 13AA0-104 so as to apprise Zimlich of the nature of the offense with which he was being charged. Further, I believe that the inclusion of § 13A-10-101 was simply to put Zimlich on notice of the degree of perjury with which he was being charged, as provided in § 13A-10-104(b).
While the 1998 indictment was not a model of clarity, I cannot agree that the language of that indictment was insufficient to charge Zimlich with the offense of first-degree perjury under § 13A-10-104, rather than under § 13A-10-101. Since the 1998 indictment was not void, it tolled the statute of limitations. Sée § 15-3-6, Ala.Code 1975; Rule 15.5(c), Ala. R.Crim. P. Therefore, the trial court correctly denied Zimlich’s motion to dismiss the 1999 indictment. Because the 1998 indictment was, at most, voidable, rather than void, the 1999 indictment was not barred by the statute of limitations; thus, the'jurisdiction of the trial court was not implicated. Moreover, because Zimlich failed to reserve this issue for appellate review, his guilty plea waived any further claim as to the validity of the 1999 indictment, because a guilty plea waives all nonjurisdictional defects. See, e.g., Thompson v. State, 680 So.2d 1014, 1018 (Ala.Crim.App.1996); Prim v. State, 616 So.2d 381, 382 (Ala. Crim.App.1993). Based on the foregoing, I would affirm Zimlich’s conviction for second-degree perjury, based on the 2002 amendment to the 1999 indictment. Therefore, I must dissent.

. Zimlich’s claim was previously reviewed pursuant to a petition for writ of mandamus. I was not a member of the Court of Criminal Appeals when this case was decided. Had I been, I would have dissented from the decision.