STUART, Justice.
 

 The State of Alabama petitions this Court for a writ of mandamus directing the Perry Circuit Court to vacate its order of September 23, 2009, directing the State to “provide to [James Bonard Fowler] a witness list of possible witnesses the State intends to call at trial, together with a summary of the testimony of the witnesses.” We grant the petition and issue the writ.
 

 Facts
 

 On February 18, 1965, a group of Alabama State Troopers, including the defendant in this case, James Bonard Fowler, assisted local city and county law-enforcement officers in dispersing an assembly of persons protesting the jailing of a civil-rights worker in Marion. During the confrontation, Fowler shot Jimmie Lee Jackson; Jackson died a few days later.
 

 In the fall of 1965 a Perry County grand jury and a federal grand jury, after hearing testimony concerning Jackson’s shooting, returned “no bills” in the case, thus declining to indict Fowler. In January 2005 or soon thereafter the Jackson “cold case” was reopened, and in May 2007 a Perry County grand jury indicted Fowler for Jackson’s murder.
 

 In preparation for trial, Fowler has filed numerous discovery requests and motions. In his motion to dismiss on the grounds of preindictment delay, Fowler raised due-process concerns over the delay between the alleged offense and the date of the indictment (some 42 years). On June 6, 2008, to assist in determining the validity of these concerns and yet not violate the sanctity of the grand-jury proceeding, the trial court ordered the State to produce for in camera inspection, the following:
 

 “1. For all persons presently known to the district attorney’s office to have personal knowledge of any facts relevant to this prosecution, but who were unknown to the State prior to January 15, 2005, their names and addresses and a copy of all written and recorded materials reciting or memorializing any of these facts communicated to the State since January 15, 2005.”
 

 To comply with the order, the State provided the trial court with a document entitled “District Attorney Michael W. Jackson’s brief notes on Grand Jury testimony
 
 *24
 
 on Jimmie Lee Jackson’s death investigation and other newly discovered evidence.” The list contained the names of six individuals and included a brief description of their testimony. The State also submitted a newspaper article for the trial court’s consideration.
 
 [1]
 

 On September 19, 2008, the trial court conducted a hearing at which the State’s compliance with its June 6, 2008, order was discussed. On September 29, 2008, the trial court issued the following order:
 

 “The State of Alabama is ordered to provide to [Fowler] any and all statements in its possession of any and all witnesses the State intends to call at the trial of this case, and is further ordered to provide the defendant, a witness list of possible witnesses the State intends to call at the trial of this case, together with a summary of the testimony of the witnesses.
 

 “The State was ordered on June 6, 2008, to provide to the Court for in camera inspection, information in the possession of the State .... The State failed to adequately comply with the Court’s order ....
 

 “Given the extraordinary nature of this case, that two separate Grand Juries returned ‘No Bills,’ and the delay in prosecution since the shooting on February 18, 1965, the State shall be required to provide [Fowler] any and all newly discovered evidence in its possession which has been obtained since January 15, 2005.”
 

 At the hearing the trial court explained the reason for the above order, stating:
 

 “I want the record to be very clear that [the above order] was precipitated by the lack of response from the district attorney’s office in response to my order. And I had given the district attorney’s office a full 30 days in my order to respond to my request for an in camera inspection. And on the 30th day I was given a one-page summary of six witnesses and a magazine article or a newspaper article.”
 

 The State moved the trial court to vacate its order. The trial court denied the motion.
 

 The State then petitioned the Alabama Court of Criminal Appeals for a writ of mandamus ordering the trial court to vacate its order directing the State to disclose to Fowler its witness list and a summary of the testimony of the witnesses. The Alabama Court of Criminal Appeals denied the petition in an order, citing Rule 16.5, Ala. R.Crim. P., and
 
 Ex parte King,
 
 23 So.3d 77 (Ala.2009).
 
 State v. Fowler
 
 (No. CR-07-2281, April 30, 2009), — So.3d-(Ala.Crim.App.2009)(table).
 

 The State now petitions this Court for a writ of mandamus directing the Pei'ry Circuit Court to vacate its discovery order insofar as it requires the State to “provide [Fowler] a witness list of possible witnesses the State intends to call at the trial of this case, together with a summary of the testimony of the witnesses.”
 
 [2]
 

 Standard of Review
 

 “ ‘ “The writ of mandamus is a drastic and extraordinary writ, to be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, ac
 
 *25
 
 companied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’
 
 Ex parte United Serv. Stations, Inc.,
 
 628 So.2d 501, 503 (Ala.1993); see also
 
 Ex parte Ziglar,
 
 669 So.2d 133, 134 (Ala.1995).”
 
 Ex parte Carter,
 
 [807 So.2d 534] at 536 [ (Ala. 2001) ].’
 

 “Ex parte McWilliams,
 
 812 So.2d 318, 321 (Ala.2001). ‘A petition for a writ of mandamus is the appropriate vehicle for challenging a trial court’s ruling on a discovery motion.’
 
 Ex parte Steiner,
 
 730 So.2d 599, 600 (Ala.1998).”
 

 Ex parte Perkins
 
 941 So.2d 242, 245 (Ala.2006). A writ of mandamus will not issue to compel a trial court to change its discovery order unless the appellate court concludes, based on all the facts that were before the trial court, that in the discovery order the trial court clearly exceeded the scope of its discretion.
 
 Ex parte Fuller,
 
 600 So.2d 214 (Ala.1992).
 

 Discussion
 

 The State contends that it has a clear legal right to the relief it seeks because, it says, the trial court exceeded the scope of its discretion by ordering the State to produce for Fowler its witness list for trial and a summary of the testimony of the witnesses. According to the State, witness lists and summaries of witness testimony are excluded from discovery by the defendant. See Rule 16, Ala. R.Crim. P.
 

 Before we address the merits of the State’s argument, we must first determine whether the State is entitled to mandamus review of the trial court’s discovery order in this case, which, as discussed below, was issued to sanction the State for not complying with a prior discovery order. In
 
 Ex parte King,
 
 supra, this Court addressed whether the State was entitled to seek mandamus review of a trial court’s pretrial denial of the State’s motion in limine. In
 
 Ex parte King,
 
 the State moved in limine to bar King from admitting at trial evidence that it considered irrelevant and confusing. The trial court denied the State’s motion. The State then petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial court to vacate its order denying the State’s motion in limine and to enter an order granting it. The Court of Criminal Appeals issued the writ.
 
 State v. King,
 
 23 So.3d 72 (Ala.Crim.App.2008). King then petitioned this Court for a writ of mandamus directing the Court of Criminal Appeals to vacate its order. We held that even though the trial court’s order denying the State’s motion in limine was not an appealable order the State was not entitled to mandamus relief, stating:
 

 “ ‘The Court of Criminal Appeals has authority to issue such remedial and original writs as are necessary to give it a general superintendence and control of the circuit courts in criminal matters, over which it has exclusive appellate jurisdiction.’
 
 Ex parte Nice,
 
 407 So.2d 874, 876 (Ala.1981). However, ‘[mjanda-mus cannot be used as a substitute for appeal, when no appeal is authorized by law or court rule .... ’
 
 Nice,
 
 407 So.2d at 879 (emphasis omitted). Instead, mandamus ‘is appropriate in exceptional circumstances which amount to judicial usurpation of power.’
 
 Nice,
 
 407 So.2d at 878 (emphasis omitted). Moreover, ‘mandamus can be used to prevent a gross disruption in the administration of criminal justice.’
 
 Nice,
 
 407 So.2d at 879 (emphasis omitted). Thus, when the trial court has acted without lawful authority, the State has been afforded mandamus relief. See, e.g.,
 
 State v. Blane,
 
 985 So.2d 384 (Ala.2007)(directing circuit court to vacate order expunging criminal record);
 
 D.B.Y. v. State,
 
 910 So.2d 820
 
 *26
 
 (Ala.Crim.App.2005)(directing trial court to reinstate juvenile’s probation and direct that juvenile undergo sexual-offender risk assessment before being released from probation).
 

 “King argues that the Court of Criminal Appeals, by granting the State’s petition for a writ of mandamus, ‘has granted to the State ... the ability to file what amounts to an interlocutory appeal under the guise of mandamus relief.’ King’s petition, at 4. On the other hand, the State argues that it was entitled to the writ of mandamus, because, according to the State, the trial court’s denial of its motion in limine ‘presents a gross disruption in the administration of criminal justice that justified the appellate court’s exercise of its supervisory authority.’ State’s brief, at 15. We agree with King.
 

 “It is beyond cavil that the trial court acts within its lawful authority in deciding issues concerning the admissibility of evidence. Indeed, ‘[w]e review issues concerning the admission of evidence [only] to determine whether the trial court exceeded its discretion.’
 
 Ex parte Key,
 
 890 So.2d 1056, 1059 (Ala.2003). Obviously, ‘simply because an order may have been erroneous does not mean that an inferior court lacked the power to enter it.’
 
 Nice,
 
 407 So.2d at 878. Consequently, ‘circumstances involving alleged errors of judgment, or errors in the exercise of judicial discretion, [do] not constitute grounds for invoking supervisory mandamus.’
 
 Nice,
 
 407 So.2d at 882.
 

 “According to the State, if the trial court allows the jury to consider the evidence at issue, there will be ‘a gross disruption in the administration of criminal justice.’ State’s brief, at 15. Although the trial court denied the State’s motion in limine, ‘ “ ‘the material against which the objection has been made has not yet been heard by the jury and may never be heard by them.””
 
 Parks v. State,
 
 587 So.2d 1012, 1015 (Ala.1991)(quoting
 
 White v. State,
 
 527 So.2d 1349, 1350 (Ala.Crim.App.1988), quoting in turn
 
 Brooks v. State,
 
 443 So.2d 1301, 1303 (Ala.Crim.App.1983)). If the trial court allows the jury to consider the evidence the State seeks to keep out, it will be acting within its lawful authority, and the State will have no right of appellate review. Such an outcome would reflect the ordinary and proper administration of criminal justice, not a disruption thereof.”
 

 Ex parte King,
 
 23 So.3d at 79-80.
 

 Like the State in
 
 Ex parte King,
 
 the State in this case is not entitled to appeal the trial court’s order. Additionally, just as the trial court in
 
 Ex parte King
 
 acted within its lawful authority in deciding admissibility-of-evidence issues, the trial court in this case acted within its lawful authority in resolving discovery issues.
 
 Ex parte Harwell,
 
 639 So.2d 1335, 1336 (Ala.1993)(“Discovery matters are within the sound discretion of the trial court, and this Court will not reverse a trial court’s rulings on discovery issues unless there has been a clear abuse of discretion.”). However, unlike
 
 Ex parte King,
 
 in which the trial court’s determination with regard to the admissibility of evidence did not present “a gross disruption of the administration of criminal justice” or judicial usurpation of the executive branch’s power, here the trial court’s order requiring the State to produce its witness list for trial and a summary of each witness’s testimony will result in a gross disruption in the administration of justice. Indeed, this Court has recognized the crucial role discovery plays in the administration of justice and has held that a trial court’s decisions resolving discovery matters may be challenged by the State in a petition for a
 
 *27
 
 writ of mandamus. See
 
 State v. Isbell,
 
 985 So.2d 446 (Ala.2007)(holding the trial court exceeded its discretion in ordering the State to produce certain documents and issued a writ of mandamus directing the trial court to vacate its pretrial order requiring the State to produce various documents).
 

 Additionally, this case provides an example of the acknowledgment in the law of the role of discovery in the administration of justice. The Alabama Rules of Criminal Procedure recognize the importance of the witness list to the prosecution of a case and specifically provide that that information is not discoverable by a defendant. Rule 16.1, Ala. R.Crim. P., provides, in pertinent part:
 

 “(c) Documents and Tangible Objects. Upon written request of the defendant, the prosecutor shall, within fourteen (14) days after the request has been filed in court as required by Rule 16.4(c), or within such shorter or longer period as may be ordered by the court, on motion, for good cause shown, permit the defendant to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, controlled substances, buildings or places, or portions of any of these things, which are within the possession, custody, or control of the state/municipality and:
 

 “(1) Which are material to the preparation of defendant’s defense; provided, however, that
 
 the defendant shall not be permitted to discover
 
 or to inspect reports, memoranda,
 
 -witness lists,
 
 or other internal state/municipality documents made by the prosecutor or the prosecutor’s agents, or by law enforcement agents in connection with the investigation or prosecution of the case, or statements made by state/municipality witnesses;
 

 “(e) Information Not Discoverable.
 

 ...
 
 [T]he discovery
 
 or inspection of reports, memoranda,
 
 witness lists,
 
 or other internal state/municipality documents made by the prosecutor or the prosecutor’s agents, or by law enforcement agents, in connection with the investigation or prosecution of the case, or
 
 of statements made by state/municipaMy witnesses or prospective state/municipality witnesses, is not authorized.”
 

 (Emphasis added.)
 

 We recognize that the trial court did not order the discovery of the State’s witness list for trial and a summary of the testimony of the witnesses in response to a request made by Fowler. The materials before us clearly establish that the trial court’s order that the State produce its witness list for trial and a summary of the testimony of the witnesses was issued as a sanction for the State’s failure to comply with a prior discovery order.
 

 Rule 16.5, Ala. R.Crim. P., states:
 

 “If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection; may grant a continuance if requested by the aggrieved party; may prohibit the party from introducing evidence not disclosed; or may enter such other order as the court deems just under the circumstances. The court may specify the time, place, and manner of making the discovery and inspection and may prescribe such terms and conditions as are just.”
 

 However, the fact that the order was issued pursuant to Rule 16.5, Ala. R.Crim. P., does not negate the fact that it ordered the production of discovery and that it
 
 *28
 
 impacted the administration of criminal justice. Therefore, the State is entitled to mandamus review of this discovery issue.
 

 We now address the merits: Whether the trial court exceeded the scope of its discretion in ordering the State to produce its witness list and a summary of each witness’s testimony. The trial court has filed an answer to the State’s petition. In its answer, the trial court admits that the production of the State’s witness list for trial and a summary of the testimony of the witnesses was ordered as a sanction, under Rule 16.5, Ala. R.Crim. P., for the State’s failure to comply with the trial court’s June 6, 2008, order. The trial court explains:
 

 “When employing the sanction chosen by the [trial court] in this case, the [trial court] was well aware that it ‘should not impose a sanction which is harsher than necessary to accomplish the goals of the discovery rules.’
 
 McCrory [v. State],
 
 505 So.2d [1272,] 1279 [ (Ala.Crim.App.1996) ]. The [trial court] did not dismiss the case nor forbid the State from using any evidence or witnesses it has at trial. The [trial court], as a sanction for not complying with the [trial court’s] June 6, 2008, order, merely required the State to produce to Fowler statements in its possession, a list of the State’s witnesses and a summary of their expected testimony and any newly discovered evidence in the State’s possession. The [trial court] believed that this remedy was the least harsh sanction possible and that pursuant to the discretion granted in Rule 16.5, Ala. R.Crim. P., the September 29, 2008, order was ‘just under the circumstances.’ Because of the unique nature of this case, the [trial court’s] action was not ‘unreasonable, arbitrary or unconscionable.’ ”
 

 The trial court further states:
 

 “Had this case been tried in 1965 when the alleged crime occurred, it would have been a capital case. However, because of the United States Supreme Court’s decision in
 
 Furman v. Georgia,
 
 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), Fowler can no longer receive the death penalty. However, this circumstance does not diminish the uniqueness of this case or the seriousness of the offense with which Fowler is charged and the fact that he was charged some 42 years after the offense occurred and after most of the critical witnesses had died and much of the critical evidence had been destroyed. Rule 16.1(f), Ala. R.Crim. P., provides that ‘[n]othing in this Rule 16.1 shall be construed to limit the discovery of exculpatory material or other material to which a defendant is entitled under constitutional provisions or other provisions of law.’ The commentary to the rule recognized the trend throughout the country toward more extensive discovery in criminal cases ‘to assure that justice be done.’
 

 “Because of the uniqueness of this particular case and the due process concerns of [the trial court, the trial court] certainly did not abuse [its] discretion by entering the September 29, 2008, order directing the State to produce certain documents to Fowler as a sanction for its failure to comply with the Court’s June 6, 2008, order. Further, even if the [trial court] had not entered the September 29, 2008, order as a sanction, the [trial court] would not have abused its discretion by entering the September 29, 2008, discovery order based on the [trial court’s] inherent power to compel discovery based on the concerns of the [trial court] that a fair trial be conducted in the case below.”
 

 Initially, we note that “[t]here is no general constitutional right to discovery
 
 *29
 
 in a criminal case ...; ... ‘the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded....’”
 
 Weatherford v. Bursey,
 
 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) (quoting
 
 Wardius v. Oregon,
 
 412 U.S. 470, 474, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973)). This Court views with disfavor any failure by a party to comply with Rule 16, Ala. R.Crim. P., and we recognize that a trial court has broad discretion in imposing sanctions on a party who fails to comply with the trial court’s discovery order. The sanction, however, should not be harsher than necessary to satisfy the discovery rules.
 
 McCrory v. State,
 
 505 So.2d 1272 (Ala.Crim.App.1986).
 

 Like the trial court, we recognize the unusual circumstances surrounding this case, and, after reviewing the materials submitted by the trial court with its answer, we agree that the trial court’s due-process concerns are genuine. We conclude, however, that the trial court exceeded the scope of its discretion in imposing the sanction of ordering the State to produce to Fowler a list of possible witnesses the State intends to call at trial and a summary of each witness’s testimony. Rule 16.5, Ala. R.Crim. P., clearly authorizes a trial court to issue relief for noncompliance with a discovery order; Rule 16.5, however, does not authorize a trial court to provide relief that is specifically prohibited by the discovery rules. Our rules and caselaw clearly establish that the names of prosecution witnesses for trial are not discoverable. See Rule 16, Ala. R.Crim. P.;
 
 Ex parte Bell,
 
 475 So.2d 609 (Ala.1985);
 
 Jackson v. State,
 
 650 So.2d 593 (Ala.Crim.App.1994). A defendant is not constitutionally entitled to the State’s witness list before trial.
 
 Weatherford,,
 
 supra;
 
 Gowens v. State,
 
 639 So.2d 524, 527 (Ala.Crim.App.1993).
 

 Here, the trial court concluded that the State violated its order when it failed to produce for in camera inspection any evidence newly discovered since January 15, 2005, with regard to statements made by witnesses communicated to the State.
 
 [3]
 
 We agree with the trial court that the discovery provided by the State for in camera inspection was inadequate to address the trial court’s due-process concerns and to provide a basis for determining the merits of Fowler’s motion to dismiss. Rule 16.5 permits the trial court to enter a “just” sanction, not one that is prohibited by rule. Because the trial court ordered the production of information specifically prohibited from production by the Alabama Rules of Criminal Procedure, the trial court exceeded its discretion.
 

 We recognize that this case is unusual and that the challenges to the defense in light of the 42-year delay are unique. However, the unusual nature of this case does not authorize the trial court to order discovery that is prohibited by the rules. A sanction for the State’s violation can be imposed that is just, that is not prohibited by our rules, and that meets the needs of discovery.
 

 Conclusion
 

 The State has satisfied the requirements for mandamus relief; therefore, we issue
 
 *30
 
 the writ and direct the Perry Circuit Court to vacate that portion of its discovery order directing the State to provide Fowler with its witness list and a summary of each listed witness’s testimony.
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, PARKER, and SHAW, JJ., concur.
 

 MURDOCK, J., concurs in the result.
 

 [1]
 

 . The date and contents of this article are not disclosed in the materials before this Court.
 

 [2]
 

 . The State does not object to the portion of the trial court’s order directing that the State produce "any and all newly discovered evidence in its possession which has been obtained since January 15, 2005.”
 

 [3]
 

 . We disagree with the State that the order required the State to produce the names and testimony of witnesses before the grand jury. The State on its own accord decided to provide for in camera inspection the district attorney's notes from the grand-jury proceeding. Although the trial court did order for in camera inspection the production of the evidence upon which the indictment was based, the trial court’s order did not violate of the sanctity of the grand-jury proceeding. See
 
 State v. Matthews,
 
 724 So.2d 1140, 1141-42 (Ala.Crim.App.1998) (holding that defendant was not entitled to discovery of names and addresses of grand-jury members).